Allen, J.
The effect of the interlocutory order, affirmed by this court when this case was formerly be *319 fore it, was merely to dissolve the injunction which had ** " been allowed the plaintiffs, unless they should confess judgment at law for the land in controversy. The chancellor has given to the order a much broader interpretation. Though the case was ready for hearing, and a decision on the merits asked for, he has proceeded, not to dissolve the injunction according to the terms of the former order, but to dismiss the bill. In this course it seems to me he erred. The injunction was a mere incident to the main controversy. In the opinion of this court there was no cause for it when allowed. But though the plaintiffs lost the benefit of the injunction, they were still entitled to a decision upon the merits, if the case was in other respects proper for a court of chancery.
The jurisdiction of the court is objected to, because the plaintiffs relied, in their defence to the writ of right, upon the same matters set up in the bill as grounds for equitable relief. It is said that by refusing to confess judgment they have elected to abide by their legal defence, and they should not be permitted to litigate the same matter, at the same time, both at law and in equity. The plaintiffs, it is true, did attempt to avail themselves of these same matters in defence of the action at law. The special court of appeals decided, that they constituted no legal defence; that however it might be in equity, at law the defendant could not go behind a patent, regular on its face, and avoid it by extrinsic evidence. The ground of the objection to the jurisdiction therefore fails. The plaintiffs are not relying upon the same matters, as a defence to the action at law, and for relief in equity. For at law, and as respects this particular case, the matters charged in the bill constitute no defence whatever. What was the defence which the appellants expected to make at law, does not appear; nor is it material. It is sufficient to sustain the jurisdiction of the court of equity, if it be shewn, that, *320 by the course of decisions settling the law of this case, matters relied on in the bill could avail the appellants in equity only.
No authority has been produced which establishes a Party having a defence at law to an action brought against him, and a distinct ground for equitable relief should his defence prove unavailing, must abandon his legal defence by confessing judgment, or await the decision of the action at law before he can be entertained in equity. Where there is a concurrent jurisdiction of the same matter, and the plaintiff may sue in either forum, there is good reason to compel him to elect between them. Redress can be obtained in either, and the plaintiff should not be permitted to harass his adversary by pursuing him in both tribunals. The defendant has no such election; he is brought into court against his consent: and I perceive no good reason why he should be prohibited from setting up his distinct ground for equitable relief, during the pendency of the action at law. The holder of the legal title has frequently obtained it under circumstances which would constitute him a trustee for the party having a superior equity. A question however may arise, whether the elder grant embraces the subject in controversy ? This is proper to be determined by the legal tribunal. It is to,the interest of the defendant at law, that it should be ascertained. Until it is determined, it does not appear that the plaintiff at law has a title which interferes with the right of the defendant. In such cases the defendant cannot safely confess a judgment at law. And if in the meantime he should be precluded from proceeding in chancery, his equitable right might be lost, from the lapse of time or the loss of testimony.
It is further objected that the caveat was the proper remedy, and that no sufficient excuse is offered for failing to resort to it. The remedy by caveat was provided to settle the numerous controversies likely to arise be *321 tween competitors for land under the act of 1779. That law provided a mode for the disposition of waste and unappropriated lands, and for the settlement of all existing claims to uwgatented lands. But lands which had been once patented, and had lapsed, were not embraced by its provisions. They were left, according to the decision in Whittington v. Christian, 2 Rand. 353. “as they were under the former laws.” Those laws regulated the mode of proceeding in regard to lands in this condition. The first petitioner acquired a right to sue out a patent upon the performance of certain conditions. He could be deprived of this right but in one way,— by the judgment of the proper tribunal at the suit of a subsequent petitioner. Without such judgment, no grant could issue. And if a grant did improperly issue, the first petitioner could at any time sue out his patent, which related back to the first grant, and so overreached any intermediate patent. The petition and judgment thereupon would seem to have been the mode of determining controversies under the laws then in force. There was no need of the caveat. Until judgment of forfeiture, the right of the first petitioner was complete as against all others, and a subsequent grant would have been merely void. After judgment of forfeiture, his interest was at an end. I think, therefore, that there is nothing in this objection.
Upon the merits, the previous action of this court has left us but little to determine.
The case of Whittington v. Christian decided that these lands could not be appropriated by a land office treasury warrant, as waste and unappropriated; that having once been granted, no title could be acquired by entry and survey ; that they were reserved to be granted in a specified mode, and a patent obtained in any other mode was void. The special court of appeals, in 6 Munf. 233. had decided in reference to the patent in this case, that as it was regular on its face, extrinsic *322 evidence was not admissible'to impeach it in a court of law. The law of the land, as determined in one case, renders all such patents void ; the law of the case, as decided by the special court of appeals, excludes all ev^ence °f factsi upon the trial at law, which go to impeach the validity of the grant. In this state of the law and the adjudications, the plaintiffs have resorted to the only remedy left, a scire facias to repeal the patent. The law regulating this proceeding authorizes it to be sued out to repeal a patent obtained from the commonwealth by false suggestions, or issued contrary to law, or to the prejudice of private right. In this case the patent was obtained by the false suggestion that the land was waste and unappropriated, and liable to entry and survey under a treasury warrant. It issued against law, as lands once granted and lapsed could only be granted in the mode specified, after judgment of forfeiture. And it issued to the prejudice of the better right of the plaintiffs; for, until forfeiture, they were entitled to a grant upon performing the conditions required. I think therefore that the court, instead of dismissing the bill, should have rendered a decree repealing so much of the patent to the defendant, dated the 23d day of November 1797, for 669J acres of land, as interferes with and is included within the boundaries of the tract of 433 acres, conveyed by James Grissom to Thomas Powell the ancestor of the plaintiffs, by deed bearing date the 21st day of August 1787.
The other judges concurring, decree reversed with costs. “ And this court proceeding to pronounce such decree as the said chancery court ought to have pronounced, it is further decreed and ordered, that so much of the patent to the appellee, dated the 23d day of November 1797, for 6695^ acres of land, as interferes with and is included within the boundaries of the tract of 433 acres, conveyed by James Grissom to Thomas Powell *323 the ancestor of the appellants, by deed bearing dale the 21st day of August 1787, be and the same is hereby repealed, and that the appellee do pay unto the appellants their costs by them about their suit in the chaneery court expended. And it is further ordered that this decree be certified to the register of the land office.”