BOULDIN, J.,
delivered the opinion of the court.
*This is certainly a case of peculiar hardship on the appellant. It has been subjected to a heavy judgment amounting, in principal and interest, to some five thousand dollars, and to the costs of the legal and equitable tribunals, when the justice of the demand has been always denied, both at law and in equity, and when the appellant has had a trial of the merits of the claim before neither tribunal. The case is this:
In the year 1873 a suit at law was instituted in the Circuit court of the county of Fairfax by the administrator of one William Henry against the Great Falls Manufacturing Company", upon a covenant alleged to have been duly executed by the company, and to have been lost; and the object of the suit was to recover certain sums of indebtedness, alleged to have accrued under the covenant during the months of December 1853, and January, February and March 1854, nineteen years before the institution of the suit. The company appeared and filed several pleas, how many or what pleas *485 does not appear, as the law record is not before us; but it is evident from the chancery record that they were pleas to the merits, denying the justice of the claim and that a covenant had ever been executed.
Pending this suit at law and before the same was tried, the appellant in this court (defendant below), being advised that the case was a proper one for the cognizance of a court of equity, and could not be fully developed at law, filed his bill on the equity side of the same court, charging that the dealings with Henry set forth in the suit at law, had occurred nineteen years before the institution of the suit, and were barred by limitation and lapse of time; and that the transactions sought to be re-opened at this late period had occurred *during the administration of a former president of the company, who had been long dead; denying that there was anything due to the appellee; and denying also that there ever was a covenant between the parties; and alleging that the books showed a final settlement with Henry, but that vouchers had been lost; and from death of parties and complication of accounts it was a proper case for equity; and an injunction was asked to the proceedings at law.
It is manifest from this statement that the plaintiff in equity claimed no equitable set-off or other strictly equitable defense to the claim at law, but simply denied the right of the plaintiff at law to recover the claim or any part of it, before any tribunal, and merely sought to transfer the litigation to the equity side of the court, as the more appropriate tribunal, under all the circumstances of the case, to do justice between the parties. It is very clear therefore that the appellant could not safely confess judgment at law; the right to recover at all, either at law or in equity, being wholly denied by appellant in both tribunals, and being, in fact, the very gist of the contention. The case as stated, to say the least of it, presented very grave doubts as to equitable jurisdiction; but the court took jurisdiction, and on the 3d of June 1873, awarded an injunction; but put the appellant on terms of confessing judgment at law. In compliance with these terms, the appellant confessed judgment at law; and then, on the coming in of the answer, the court on the 2d day of September, on motion and in vacation, unconditionally dissolved the injunction, evidently, we think, for want of equity in the bill. The appellant then, in November, moved the court so to modify the order of dissolution as to require the appellee to set aside the judgment confessed *as aforesaid, and to re-open the case for a trial on its merits in the law court; but this motion was overruled by the Circuit court, and the judgment at law was left in full force; and thus the appellant, after denying and earnestly resisting the appellee’s right, either at law or in equity, to recover one dollar of his claim, finds himself subjected by order of the chancery court to a judgment amounting, principal and interest, to some five thousand dollars, and to damages according to law, and the costs in both tribunals, without the pretense of a trial in either.
It is from these proceedings that an appeal has been allowed to this court, and the case presented is, as we have already said, one of singular hardship on the appellant, to say the least of it.
Can relief be granted under the rulings of equity in such cases? We should regard it as, in some sort, a reproach on the equity tribunals if it could not.
The terms upon which injunctions are awarded by the English court of chancery are, in each case, a question for the discretion of the court; “but the general principle upon which the court proceeds is, to put the party applying upon such terms as will enable the court to do justice to the party restrained in the event of his (the plaintiff’s) failure to make out his case at the hearing. ’ ’ Kerr on Injunctions, ch. 3, p. 18. This power to impose terms is a conservative power, merely intended as a shield to protect the party whose hands, by the act of the court, are tied, to preserve his rights intact as far as practicable, but not to be used as an instrument of aggression and attack on‘the other side. It was intended merely to put the court in a condition to do ultimately complete justice to both sides of the case without wrong to either. Accordingly-, in all those cases in which the court deems a ^confession of judgment at law a proper protection to the defendant in equity (a matter always, both here and in England, entirely in the discretion of the court), we find it to be the well established practice of the English court of chancery to require the judgment to be taken, “to be dealt with as the court shall direct.” Kerr on Injunctions, ubi supra, and the cases cited, which we refer to (without comment on them in detail), as fully sustaining the doctrine laid down.
The equity courts of Virginia have the same discretion as to the terms upon which an injunction shall be awarded, as is exercised by the English court of chancery, except in those cases in which this general discretion is limited by express statutory provision. No such provision has ever been enacted, commanding them, in any case, to require a confession of judgment at law as a condition of equitable interference with legal proceedings. That matter is left, as in England, entirely to the discretion of the chancellor in each case, to be exercised on well established principles of equity and law, so as to preserve, as far as practicable, the rights of the party restrained, and at the same time to inflict no wrong on the plaintiff in equity. This wholesome end is attained by the practice of the English chancery (to which we have referred) of requiring the judgment at law to be taken “to be dealt with as the court shall direct” ; a practice which commends itself to our sense of justice, and should, in such cases, be always adopted by our courts of equity.
That our own courts have the discretion above accorded to them in relation to re *486 quiring' a confession of judgment at law; and that they will not require it at all, if on the case, made in' equity it appear that it will be unsafe for the defendant at law to make such ^confession, is fully recognized by this court in Warwick &c. v. Norvell &c., 1 Rob. R. p. 308.
The syllabus of that case on this point is as follows:
“A defendant at law, having a legal de-fence to the action, and a distinct ground of equitable relief against the plaintiff’s claim, may bring his 'suit in equity, without waiting for the determination of the action at law, and may, without being compelled to waive his legal defence by confessing judgment, have a hearing in the court of chancery, on the merits of his case, and a decree for the proper relief. ’ ’
Judge Allen, delivering the opinion of the court, p. 320, said:
“No authority has been produced which establishes that a party having a defense at law to an action, and a distinct ground for equitable relief should his defense prove unavailing, must abandon his legal defense by confessing judgment. Where there is a concurrent jurisdiction of the same matter, and the plaintiff may sue in either form, there is good reason to compel him to elect between them. Redress can be obtained in either, and the plaintiff should not be permitted to harass his adversary by pursuing him in both tribunals. The defendant has no such election. He is brought into court against his consent, and I perceive no good reason why he should be prohibited from setting up his distinct ground for equitable relief during the pendency of the action at law.” The learned judge then goes on to-refer to circumstances under which it would be allowable to proceed in equity pending the suit at law; and says -“In such cases the defendant cannot safely confess a judgment. ’ ’
In these views the whole court seem to have concurred; and it is obvious that the equity courts of • this *State will exercise a wise and just discretion in requiring a confession of judgment at law as the condition of awarding an injunction to legal proceedings, the same in fact which is exercised by the English chancery. They will not require an unconditional confession of judgment at law in any case in which the circumstances are such as to render the confession unsafe. Should they do so, and should the defendant at law obey the requisition and suffer thereby, it will be error, which should, in some way, be corrected, either by the court which committed the blunder, or by the appellate court.
In this case, it is manifest that the appellant did not come into equitjr conceding the right of the plaintiff at law to recover in that tribunal, but seeking to set up some equitable defense not available at law. Had such been the frame of the-bill, there might have been some reason to require him to confess judgment on equitable terms. But such was not the case. The appellant came into equity, denying in toto the right of the appellee to recover at law or in equity, denying the existence of any indebtedness at all, and merely invoking, under the peculiar circumstances of the case, the aid of the equity court in making his defense available. It is very evident that, in such case, if entertained in equity at all, the defendant at law could “not safely confess a judgment,” and therefore no such confession should have been required, but if required, it should certainly have been on terms of being “dealt with as the court shall direct, ’ ’ so that it might retain control of the judgment. But the Circuit court, as we have seen, in disregard of the principles above declared, required an unconditional confession of judgment as the price of the injunction: thus compelling the defendant at law to acknowledge, as the *price of his injunction, that a debt was in fact due, the existence of which he had ever denied, both at law and in equity.
These harsh terms were complied with by the appellant with the consequences already stated.
We are of opinion that the Circuit court erred:
1. In taking jurisdiction of the case at all. The defense set up was purely a legal defense, and the Circuit court had no authority either to award the injunction, or to require the defendant at law to confess judgment. The injunction should have been simply denied, leaving the legal proceedings intact.
2. Having taken jurisdiction, the court erred in requiring a confession of judgment, either conditional or unconditional. It is not a case in which the defendant at law could safely confess judgment; and a different kind of protection should have been secured to the plaintiff at law.
3. The Circuit court erred in dissolving the injunction, without requiring as a condition thereof that the judgment at law should be set a@ide, and the case re-opened for a trial on its merits.
It has been objected, however, that the judgment confessed at law, under the order of the equity court, is, as matter of law and fact, a final judgment of another tribunal, and the case presented in the bill being one of which the court had no jurisdiction, it could not entertain it, even for the purpose of correcting its own wrong, and putting the parties “in §tatu quo.”
We should be very unwilling to be forced to'such a conclusion, even by direct and pertinent authority to sustain it, and with none to oppose it; but, fortunately for the ends of justice, the very reverse has been decided by the English court of chancery. Hooper v. *Cooke, Jurist (1856), part 1, p. 527. (No. 75, vol. 2, N. S.) In that case a defendant in ejectment had filed a bill- to restrain proceedings at law upon grounds which he supposed gave him a standing in equity, but which really presented a question purely legal. Upon moving for an injunction to stajT t*he proceedings at law, he agreed, to give judgment in the *487 action, “to be dealt with as hereafter directed.” The master of the rolls, Sir J. Romilly, dismissed the bill on the hearing-for want of equity, the question presented therein being purely legal and not cognizable in equity. On appeal to the Cord Chancellor the decision of the master of the rolls was affirmed, but with an addition, requiring the plaintiff at law to withdraw his judgment, and the defendant to make certain admissions. The Dord Chancellor said:
“This bill has been hied upon the assumption that the questions cannot be tried at law; which I consider was an entire misapprehension. I concur with the view of the case taken by the master of the rolls, that the plaintiff has failed in making out an}’ case for equitable relief, and the appeal must be dismissed with costs; but upon the rights at law I express no opinion. I make this order, upon terms that the defendant here, the plaintiff at law, withdraw the judgment he has obtained, and that the defendant at law do admit the plaintiff’s title, except as it is affected by the deed of 1778. ’ ’
In the same case, as reported in the Daw Journal, vol. 34, p. 468, the Dord Chancellor is reported as saying: “This is, as I have said, a legal question; and I therefore entirely agree with the master of the rolls that this bill should be dismissed, and dismissed with costs. As, however, I think there has been a slip on *the part of the plaintiffs in saying that they were advised that they had no valid defense at law, I shall only dismiss it on these terms; I shall make it a term with the defendants, obliging them to withdraw the judgment which they obtained in the action of ejectment by consent of the plaintiffs, that the case may be tried on its merits. ”
“His Dordship directed various admissions to be made on both sides in the action for the purpose of raising the proper issue. ”
This case is strikingly analogous to the case at bar, and, as we have seen, the Dord Chancellor did not hesitate to take jurisdiction for the purpose of correcting the “slip” that had been made, notwithstanding the judgment had been voluntarily confessed as a means of obtaining a standing in equity, and notwithstanding the bill was dismissed with costs for want of equity on its face. By an order in that cause the judgment was required to be withdrawn, and, by like order, certain admissions were required to be made on both sides, so that the case might be fairly heard on its merits.
We think this course was eminently just and equitable; and that a like course should have been pursued by the chancellor on dissolving the injunction in this case. The defendant in equity should have been required to withdraw his judgment at law obtained by the plaintiff’s consent, made under an order of court; to reinstate the cause on the docket, and to submit to a trial thereof on the merits on the issues already in the cause, or on such other proper issues as might be made up.
The court is therefore of opinion that the orders of August, and November 1873, so far as they conflict with what is above declared, are erroneous, and should *be reversed with costs to the appellant in this court, and that a decree should be entered in accordance with this opinion.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely' considered the transcript of the record and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that under the circumstances of this case, even were it a proper case for equitable jurisdiction, the plaintiff in equity should not have been required to confess judgment at law. It was therefore error to dissolve the injunction unconditionally and to refuse afterwards to modify the order of dissolution in that respect. The defendant in equity should have been put under terms to withdraw the judgment erroneously required to be confessed by the chancery court.
It is therefore decreed and ordered that the orders of the 2d day of September 1873, dissolving the injunction previously awarded, and of the-day of November 1873, refusing to modify that order of dissolution, be reversed and annulled; and that the appellee do pay to the appellant the costs of the appeal to this court.
And this court proceeding to enter such decree as should have been entered by said Circuit court, it is decreed and ordered, that the injunction awarded the plaintiff on the 3d day of June 1873, be and the same is hereby dissolved. But this order shall not take effect until the plaintiff at law shall have withdrawn or caused to be set aside the judgment obtained as aforesaid by confession, and shall have caused the case *to be reinstated on the docket, to be tried at law on the issues now in the' cause, or on such other proper issues as may be hereafter made up.
All which is ordered to be certified to said •’ Circuit court.
Decree reversed.