Anderson, J.,
delivered the opinion of the court.
The court is of opinion that the decree of the circuit court of September, 1872, directing an account, is erroneous in not requiring the individual and the executorial account of Samuel G. Staples to be stated separately. And the report of the commissioner, for the same reason, *335 is erroneous. The said accounts are blended in the statement made by the parties, which is the foundation of the suits at law; but in that alleged settlement, it appears upon the face of the paper, that any errors in calculations and of papers admitted, were to he corrected, and that appellant was only bound for what is charged against him individually. And he filed his bill in chancery, as the most appropriate jurisdiction for correcting errors in the account so stated, and for separating the individual and fiduciary accounts, and ascertaining the amount for which he was individually bound. It is at least questionable whether this could be done in a court of ordinary jurisdiction. It was clearly more appropriate to the chancery jurisdiction; and to the attainment of justice and the enforcement of what had been agreed by the parties, it was essential that the individual and fiduciary accounts of Samuel G. Staples should be stated separately.
The court is also of opinion, that the decree of the 25th of September, 1873, is erroneous. It is erroneous in overruling plaintiff’s first exception to Commissioner Clark’s report, upon the ground that in the statement of the account he blended the plaintiff’s individual matters with his accounts as executor of Abram Staples, deceased. The court will not now pass upon the other exceptions to the commissioner’s report. Those matters of exception should be left open, inasmuch as the whole account is stated on wrong principles. The said decree is erroneous in toto, inasmuch as it proceeds upon the idea that Samuel G. Staples is personally liable for the whole account, although it was agreed that he should only be bound for what was charged against him individually; and because it dissolves the injunction for $964.10, which was the balance due B. Turner's administrator in the *336 opinion of the circuit court, upon the whole account, individual and fiduciary.
The court is further of opinion, that in the light of the Great Falls Manufacturing Co. v. Henry's administrator, 25 Gratt. 575, and authorities therein cited, the case was not a proper one for requiring the confession of judgments by the appellant in the suits at law as a condition upon which the injunction would be awarded. Although such condition is not expressed in the injunction order, the application for and the order granting the injunction and the confessions of judgment were made on the same day in open court, and the inference is that the injunction was awarded upon the condition that the judgments were confessed. The presumption is that the judgments were confessed with the understanding that then the injunction would be awarded, and being already confessed, it was unnecessary to express the condition in the injunction order. It cannot be presumed that the appellant would have voluntarily come forward and confessed judgment for demands which he was contesting, and to resist which he had brought his bill to injoin the proceedings at law, if he had not been required to do it, in order to get the injunction.
But the judgments are under the control of the chancery court, (cases cited supra), and the court is of opinion that the judgments may stand as security for so much as shall be found to be due from the defendant individually, upon an account to be taken by a commissioner of the court, and that the injunction should be dissolved as to so much as shall so appear to be due from him individually, to be apportioned between said judgments, and should be perpetuated as to the residue; and for such sum as may appear to be due from the estate of Abram Staples, deceased, if any, upon the taking of said accounts, the appellees should *337 have a decree against Samuel G. Staples, the executor, to he paid ratably out of any assets of his testator in his hands to be administered.
It is therefore adjudged, ordered and decreed, that the decree of the circuit court of the 25th of September, 1873, be reversed and annulled, and that the decree of September, 1872, be amended and modified in conformity with this opinion; and that the appellee pay to the appellant his costs expended in the prosecution of his appeal here; and the cause is remanded to the said circuit court for further proceedings to be had therein, in conformity with this opinion.
Decree reversed.