Burks, J.,
delivered the opinion of the court.
An injunction was awarded the appellant, as plainant in the hill in the court below, to restrain the defendant (appellee here) from further proceeding in an action at law instituted by the latter against the former to recover an alleged balance on account between the parties. The complainant afterwards confessed judgment unconditionally in the action for the amount claimed, under an order of the judge in this cause requiring him to do so, or else submit to a dissolution of the injunction and a dismissal of his bill.
The defendant then answered the bill, depositions were taken by both parties, and on the 12th day of June, 1874, the ease being ripe for hearing, the following brief decree, or order, was entered :
“On motion to dissolve the injunction, and the court hearing argument in opposition thereto, doth order that the injunction granted the complainant qn the 16th day of June, 1878, be and the same is hereby dissolved, and bill dismissed with costs.”
In making this summary disposition of the cause the learned judge must have proceeded on the idea that the bill presented no case for equitable relief, and that the injunction was improvidently granted. This is to be inferred from the fact that the decree makes no reference to the depositions, and purports to be rendered on a motion simply to dissolve the injunction, after hearing argument in opposition thereto.
If it were conceded that the bill is without equity, still the decree would be plainly erroneous. Notwithstanding it is within the discretion of the chancery court to impose terms as a condition of granting an injunction, yet it was probably an erroneous exercise of that discretion to require the complainant to confess a judgment at law in the pending action, founded, *216 as it was, on mutual accounts between the parties, as shown by the exhibit filed with the bill. However may be, if it was proper to require a confession of judgment at all, the order requiring it should have exPressty provided that the judgment so confessed was thereafter to be dealt with as the chancery court might direct—Kerr on Injunctions, pp. 18-19; and although there was no such express provision in the order, the court, if of opinion that the bill should be dismissed for want of jurisdiction, should, in the order of dismissal, have directed that the judgment at law be set aside and the case reinstated in the law court as it was when the injunction was granted. Great Falls Man. Co. v. Henry’s adm’r, 25 Gratt. 575. Otherwise, there would be the grossest injustice. The complainant is admitted into equity on condition that he abandons all defence at law. He complies with the terms imposed. He is then turned out of the equity forum because he is entitled to no relief there, and thus, although he may have a good defence to the claim asserted against him, he is shut out of both forums, and is not allowed to be heard in either.
But we are of opinion that the bill presented a case for equitable relief, and it was error to dismiss it.
The defendant had been the agent of the complainant in the management of his estate in Kairfax county, and the agency extended through a period of four years. The bill shows a case of mutual unsettled accounts, growing out of this agéncy, which could not be conveniently and safely adjusted and settled in a court of law. The bill of particulars filed in the law suit disclosed mutual demands. Besides, the bill charges a failure on the part of the defendant to keep regular accounts and to render the same with proper vouchers, and further charges that the defendant, during his agency, used and appropriated the property *217 of the complainant, under his control as agent, for his own purposes and for his own profit, without giving account of the same. This is a proper case for hie interposition. 1 Story’s Eq. §§ 462, 462 a.
This is not a case of a single money-demand, which might and should be enforced in a court of law, nor, indeed, of mutual demands merely, of which equity would take cognizance (2 Rob. Prac., old ed., 4, and cases there cited), but it is a case involving a trust.
The bill in Mikepeace v. Rogers, a case decided in 1865 by Vice-Chancellor Stuart, and on appeal affirmed in the court of appeal in chancery (11 Jurist N. S. 215, 314), was very similar to the bill in this case. It was filed by a land-owner against the agent and manager of his estates for an account of all moneys received, and for all payments made by such agent, and for a decree for payment of any balance that might be certified to be due. There was a demurrer to the bill, and it was argued that in all cases where an account was required by an agent from his principal, or by a principal from his agent, where there were receipts upon one side and payments upon the other, the remedy was by action at law for money had and received, and that a plaintiff could not come into a court of equity unless he could make out some special case. The Vice-Chancellor overruled the demurrer, and in his opinion said: “ I conceive that wherever the relation between the person who seeks an account and the person against whom he seeks it partakes of a fiduciary character a trust is reposed by the plaintiff in the defendant, and that that trust is not the same as is represented to exist in the ordinary employment of an agent, such as a builder or other tradesman. The fiduciary character of the employment imposes upon the person employed the duty of keeping accounts and of *218 preserving vouchers; and, according to the old law, whicl1 trust will continue to be the law of this court, hill for an account in equity may be filed and sustained.”
affirming this judgment of the Vice-Chancellor, Lord Justice 'Turner said, there was no authority to show that a bill would not lie at any time by a principal against his agent for an account.
We are further of opinion that upon the pleadings and proofs in the cause a case was shown that 'made it proper to order an account between the parties. Ho doubt the learned judge of the circuit court would have retained the cause and made such an order if he had been of opinion, with us, that equity had jurisdiction to grant the relief prayed for in the bill.
The decree of the circuit court will therefore be reversed, and the cause remanded for further proceedings ; and, in conformity with the precedent in Staples v. Turner, adm'r, & als., 29 Gratt. 330-336, the judgment confessed at law will b.e permitted to stand, subject to the control of the chancery court, as security for any balance which, on accounts to be stated under an order of reference, may be found to he owing by the complainant to the defendant.
Decree reversed.