## Wytheville.

VIRGINIA MINING CO. v. WILKINSON AND OTHERS.

AUGUST 8, 1895.

1. CHANCERY JURISDICTION—*Adequate Remedy at Law—Vendor and Vendee.*—A vendee of real estate under an unwritten contract, who has not paid any part of the purchase money, nor been let into possession, and who has refused to complete the purchase because the vendor has declined to make such a deed as the contract called for, has a full, adequate and complete defence at law to an action against him to recover the purchase money, and will not be entertained in a court of equity to enjoin the prosecution of such action by the vendor.

Appeal from decrees of the Circuit Court of Carroll county, pronounced November 17, 1892, and April 28, 1893, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Amended and affirmed.*

The opinion states the case.

*Bolling & Stanley* and *D. W. Bolen*, for the appellant.

*Walker & Caldwell*, for the appellees.

RIELY, J., delivered the opinion of the court.

We are met at the threshold in the consideration of this case by a demurrer to the bill for want of jurisdiction in equity.

The bill sets forth that the complainant bought of the defendants the parcel of land therein mentioned, and agreed to pay the purchase money when the defendants had executed such a deed of conveyance as was acceptable to its counsel, and the title to the land had been approved by him. It alleges also that its counsel prepared a proper deed, with general warranty, and sent it to James Wilkinson, one of the vendors, to be executed by all of the parties, but that, instead of having it executed as it had been prepared, the covenant of *general* warranty was altered to one of *special* warranty. It further states that upon the deed being returned to the said counsel he refused to accept it because of the material change that had been made in it, and sent it back to James Wilkinson for him to have it corrected and re-executed as the counsel had originally prepared it; but that Wilkinson, instead of doing so, deposited it in the clerk's office and had it recorded without the knowledge or consent of the complainant. The bill further alleges that the complainant still refuses to accept the deed or recognize it as conveying to it any interest in the land; that the contract for the purchase of the land was not in writing, but altogether verbal; and that the complainant was not, and had never been put, in possession of the land.

It further avers that the vendors had brought an action of assumpsit against the complainant to recover the purchase price of the land, and that it could not make its defence in the suit at law and obtain the relief it was entitled to. It therefore prayed for an injunction to restrain the defendants from prosecuting their said suit; that the deed might be adjudged to be void; and that the complainant be declared not to be bound by the contract to buy the land, and be relieved from all liability under the deed.

It is thus seen that the grounds set forth for the interference of a court of equity are, when analyzed, that the defendants having failed to tender a proper deed under the con-

tract, and the complainant having refused to accept the deed which was tendered, it was not liable to pay the purchase money ; and, further, that the contract being wholly verbal, it was consequently void under the statute of frauds, and no recovery could be had upon it ; and that the complainant had never been put in possession of the land so as to take the case out of the statute.

All of these grounds constitute legal defences, and could be availed of in the suit at law. 4 Minor's Inst. (4th ed.), Pt. I., p. 645. The bill sets forth no ground why the complainant could not have made its defence there. It is a settled principle that equity will not grant relief where there is a plain and adequate remedy at law. 1 Barton's Chan. Prac. 13 ; Story's Eq. J., sec. 33 ; Pomeroy's Eq. J., sec. 217 ; *Haden* v. *Garden*, 7 Leigh 157 ; *Morrison* v. *Speer*, 10 Gratt. 228 ; *Beckley* v. *Palmer*, 11 Gratt. 625, 634 ; *Great Falls Man. Co.* v. *Henry's Adm'r*, 25 Gratt. 575, 582 ; and *Coleman's Adm'x* v. *Anderson*, 29 Gratt. 425.

" It may be stated as a general rule, subject to few exceptions, that where the plaintiff can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is direct, certain, and adequate, a demurrer, which is in truth a demurrer to the jurisdiction of the court, will hold." Story's Eq. Pl., sec. 473.

If, in the case at bar, the deed tendered by the vendors was not in accordance with the contract, and the complainant never accepted it, and its recordation was without its knowledge or consent, as alleged in the bill, the defence at law was complete, and there was no difficulty in making it.

No reason is shown for withdrawing the matter in controversy from the cognizance of the appropriate tribunal, and carrying it into a court of chancery. The demurrer to the bill should have been sustained, the injunction dissolved, and the bill dismissed.

Opinion.

We are, for the foregoing reasons, of opinion that the decree of the Circuit Court should be amended so as to direct that the judgment at law heretofore confessed by the appellant to the appellees be set aside, and that the case be reinstated upon the docket as it was when the injunction was granted, and that, as so amended, the decree of the Circuit Court should be affirmed, with costs to the appellees, as the parties substantially prevailing.

*Decree amended and affirmed.*