## Wytheville.

DUDLEY AND OTHERS v. MINER'S EX'ORS. AND OTHERS.

JULY 16, 1896.

Absent, Harrison, J.

1. INJUNCTIONS TO ACTIONS AT LAW—*Confession of Judgment—Terms of Confession.*—A defendant in an action at law who has a distinct equitable defence as well as a legal defence, or who denies the right of the plaintiff to recover in any forum, legal or equitable, but who invokes the aid of equity as the more appropriate tribunal, under all the circumstances, in which to conduct the litigation, should not be required, as the price of coming into equity to enjoin the proceedings at law, to confess judgment at law. In such case it is not safe to require him to confess judgment, and it is error to require it. And even in proper cases for such confession, it should not be required unconditionally, but the order requiring the confession should provide that the judgment is to be thereafter dealt with as the court of equity may direct. While courts of equity are invested with discretion as to the terms upon which they will grant injunctions, yet it is a discretion to be exercised on well established principles of equity and law, and is subject to rèview by the appellate court.

Appeal from a decree of the Circuit Court of Roanoke county, pronounced October 10, 1894, in a suit in chancery, wherein the appellants and others were the complainants, and the appellees were the defendants.

*Reversed.*

This was a suit in equity to enjoin the defendant, A. Miner Wellman, executor of A. W. Miner, from the further prosecution of certain actions at law, then pending in the Circuit Court of Roanoke county, until the further order of said court to be made in said suit in equity. The bill charged

fraud in the procurement of certain notes sued on in the actions at law, and denied all liability for their payment. The injunction prayed for was granted on condition that the complainants, or some one for them, should enter into bond in the penalty of $4,000, with good security, and with condition according to law; but subsequently, on the motion of the plaintiff in the actions at law, it was ordered that the injunction be dissolved unless the defendants at law should, during the then term of the court, confess judgment for the amounts claimed by the plaintiff in said actions. From that order this appeal was taken.

*Berryman Green*, for the appellants.

*Moomaw & Woods*, for the appellees.

RIELY, J., delivered the opinion of the court.

We have no statutory provision commanding courts of equity to require, in any case, a confession of judgment as a condition of equitable interference with legal proceedings. The terms upon which injunctions are awarded by courts of equity, except where they are controlled by statutory enactments, are, in each case, a question for the discretion of the chancellor. It is not, however, an arbitrary discretion, but a discretion, as was said by Judge Bouldin in *Great Falls Manfg Co.* v. *Henry's Admr.*, 25 Gratt. 575, 579, "to be exercised on well established principles of equity and law, so as to preserve, as far as practicable, the rights of the party restrained, and at the same time to inflict no wrong on the plaintiff in equity."

If it be a general rule, as was claimed by counsel for the appellees, that, where a party seeks to restrain a plaintiff from prosecuting against him his suit at law, he will be required, as a condition of the injunction, to confess judg-

ment in the action at law, the rule is far from being inflexible; but, on the contrary, a court of equity will not, under the practice in this State, require an unconditional confession of judgment at law in any case where it would be unsafe for the defendant to do so. *Great Falls Man'f'g Co.* v. *Henry's Admr.,* 25 Gratt. 581.

In *Warwick et ux. et al.* v. *Norvell,* 1 Rob. 308, 320, Judge Allen said: "No authority has been produced which establishes that a party having a defence at law to an action brought against him, and a distinct ground of equitable relief should his defence prove unavailing, must abandon his legal defence by confessing judgment or await the decision of the action at law before he can be entertained in a court of equity."

In *Staples* v. *Turner's Admr.* 29 Gratt. 330, the bill was filed to correct errors in a certain settlement of accounts between the parties, in which were blended individual and executorial accounts, and to have the accounts separated, and a proper settlement made by the Chancery Court as the most appropriate tribunal for this purpose, so as to ascertain the amount for which the complainant was individually liable; and to restrain the plaintiff in two actions at law, which were founded on the erroneous settlement, from proceeding further to prosecute the same. The injunction was granted upon the condition that judgments were confessed in the suits at law. It was held by this court that "the case was not a proper one for requiring the confession of judgments in the suits at law as a condition upon which the injunction would be awarded."

In *Thornton* v. *Thornton,* 31 Gratt. 212, the complainant filed his bill in equity to restrain the plaintiff from proceeding in an action at law which he had brought to recover an alleged balance on account between them; and, denying wholly the justice of the claim asserted in the action at law, asked that the court settle and adjust the accounts between

them.  The complainant confessed judgment unconditionally
in the action at law for the amount claimed, under an order
of the judge in the chancery cause requiring him to do so,
or else submit to a dissolution of the injunction and a dis-
missal of his bill.  Judge Burks, who delivered the opinion
of the court, after strongly intimating that is was an erro-
neous exercise of the discretion vested in the chancellor to
require the complainant to confess a judgment at law in the
pending action, which was founded on mutual accounts be-
tween the parties, said: " If it was proper to require a con-
fession of judgment at all, the order requiring it should have
expressly provided that the judgment so confessed was there-
after to be dealt with as the Chancery Court might direct."

In *Great. Falls Man'f'g. Co.* v. *Henry's Admr. supra,* the com-
plainant in equity denied the right of the plaintiff in the
action at law to recover his claim or any part of it in
any tribunal, but did not lay claim to any strictly equi-
table defence to the claim at law.  It merely sought to
transfer the litigation to the equity side of the court,
as the more appropriate tribunal, under all the circum-
stances of the case, to do justice between the parties.
In that case, Judge Bouldin said: " The appellant came
into equity, denying *in toto* the *right* of the appellee to re-
cover at law or in equity, denying the existence of any
indebtedness at all, and merely invoking, under the peculiar
circumstances of the case, the aid of the equity court in
making his defence available.  It is very evident that, in
such case, if entertained in equity at all, the defendant at law
could ' not safely confess a judgment,' and therefore no such
confession should have been required, but if required, it
should certainly have been on terms of being ' dealt with as
the court shall direct,' so that it might retain control of the
judgment.  But the Circuit Court, as we have seen, in dis-
regard of the principles above declared, required an uncon-
ditional confession of judgment as the price of the injunc-

tion, thus compelling the defendant at law to acknowledge, as the price of his injunction, that a debt was in fact due, the existence of which he had ever denied, both at law and in equity."

The principle to be deduced from these decisions is that, although a defendant in an action at law has a legal defence to the action, yet if he has also a distinct ground for equitable relief should his defence at law prove unavailing, he is not compelled to abandon his legal defence by confessing judgment, or to wait the decision of the action at law, before he can be entertained in equity; nor where he denies any indebtedness whatever upon the claim sued on at law and the right to recover in any forum, either at law or in equity, but invokes the aid of a court of chancery as the more appropriate tribunal, under all the circumstances of the case, in which to conduct the litigation, is he required, if entertained at all in equity, to confess judgment in the action at law as the price of an injunction to the proceedings at law. In such cases, it is not safe for him to confess a judgment at law, and it is error for the chancellor to impose such condition upon him.

The appellants, who were the defendants in two actions at law brought on certain promissory notes executed by them to the Salem Development Company for the purchase of lots, alleged in their bill that the notes were procured from them by false and fraudulent representations of the said Company, and by reason thereof were wholly null and void; and that the plaintiff in the actions at law, and the persons through whom he claimed, had notice of such fraud before any transfer of the notes was made. They further alleged that the said notes, along with a number of other notes also given for the purchase of lots, all of which notes were secured by deeds of trust on the lots, and aggregating $27,392, were delivered by the Salem Development Company to the Farmers National Bank of Salem, to be held by it as collat-

eral security for a note of $21,500, given by the said Com-
pany to certain named persons representing themselves as
the Olean Cart Company, limited; that the sum of $8,000
had been paid on the note of $21,500, leaving the sum of
$13,500 unpaid; that all the notes constituted one security·
for the payment of the note to the Olean Cart Company,
and that the Bank had no authority to transfer any of the·
said notes; that the complainants, if held liable at all on
their notes, and the makers of the other notes which were
likewise deposited with the Farmers National Bank as col-
lateral security (which persons they also made defendants to
their bill), were entitled to contribution among themselves,
and to have the Bank as trustee collect on each note such
sum as was necessary to satisfy the balance due on the note·
of Olean Cart Company; that to this end they were entitled
to have an account taken of the balance then due on the
said note for $21,500, and of the notes held by the Bank
and the collections thereon, if any, and to have sale made of·
the said lots under the various deeds of trust, and the pro-
ceeds of sale applied to the payment of the balance on said
note for $21,500; and as ancillary to their relief in equity,
they prayed an injunction to restrain the plaintiff in the
actions at law from further prosecution of the same.

The injunction as asked for was awarded upon proper·
bond being given, but upon a motion thereafter to dissolve
it, the court decreed that unless the defendants, before the
adjournment of the term of the court, confessed judgment.
in the actions at law, the injunction should be dissolved.
This they declined to do and obtained an appeal from this
court.

It is manifest from the allegations of the bill that the de-
fendants in the actions at law, denying any liability what-
ever on the notes sued on by reason of the fraud that in-
fected them in the hands of the Salem Development Company,
and notice thereof by the plaintiff before any transfer of·

the notes was ever made by the said Company, if entitled, upon the case made by the bill, to be entertained in equity at all to make their defence, could not safely confess judgment in the actions at law; and it was error in the court to require it as the condition of a continuance in force of the injunction.

But even if the requirement of such condition had been a proper exercise, under the circumstances of the case, of the discretion vested in a court of equity, the confession should not have been left by it to be made unconditionally, but the court should have expressly provided in its order that the judgments so confessed were thereafter to be dealt with as the court of equity might direct. *Thornton* v. *Thornton, supra;* and *Great Falls Man'f'g Co.* v. *Henry's Admr., supra.*

For the foregoing reasons, the decree of the Circuit Court must be reversed, and the injunction awarded in the cause continued in force, without a confession of judgment in the actions at law.

*Reversed.*