## E. B. & A. G. WESTMORELAND V. DAVIS.

1. The action of *assumpsit* will lie upon an express parol contract, or where the circumstances of the transaction are such, that the law will imply a promise. And although this action, when founded on an implied liability, is greatly favored, and has been likened to a bill in equity, yet it cannot be maintained, unless the plaintiff shows a *legal right*.

2. Nor will a promise by a defendant, to pay money, *be implied*, unless he was under a legal obligation to pay.

3. Where an agent purchases on behalf of a principal whose name he conceals, the seller, on discovering the principal, may maintain an action against him. But if the seller, with a full knowledge of the buyer's agency, elect to give him credit, and place the amount to his *debit*, he cannot, afterwards recover from the principal.

4. Where the guardian of a lunatic, purchased merchandize (which was charged to him) for the use of the lunatic and his family, an action cannot be maintained against the lunatic, upon an *implied promise* to pay the amount, though he has recovered his reason, and his property been restored to him, without the guardian's retaining any part of it, to indemnify himself for his liabilities on account of his ward. At the time the purchases were made, the lunatic was not in a situation to make himself liable upon an *implied promise*, and subsequent events cannot create it.

5. But as the debt was contracted on account of the lunatic and his family, he is under a moral obligation to pay it, and a promise, after a return of his reason, would be binding. So, he would be liable, upon an implied undertaking, to reimburse the guardian, should he pay the debt.

THIS case comes here by writ of error, from the Circuit Court of Franklin. By the record, it appears that the plaintiffs in error brought an action of assumpsit against the defendant for goods, wares and merchandize sold and delivered. The case was tried upon the *general issue*.

On the trial, an exception was taken to the refusal of the presiding Judge, to instruct the jury as requested by the plaintiffs, and to the charge given by him. From the bill of exceptions, it appears that the plaintiffs, to support their action, introduced and proved an account, for merchandize sold by them to one

Davis Gurley, and the family of the defendant, for the use of the defendant and family, during the time Gurley was the guardian of the defendant, as a lunatic. The plaintiffs also introduced evidence to prove, that before the account became due, defendant was declared capable of attending to his own business, and his property all taken out of the hands of Gurley, and placed in his own possession, under a verdict of a jury, and an order of the county court of Franklin; and that Gurley, in the settlement of his guardianship accounts with the county court, did not take into the account the demand of the plaintiffs; that he had not paid the same; nor had he reserved any money, or effects of the defendant's in his hands, for that purpose. The account sued on, was charged on the books of the plaintiffs against Gurley, as the guardian of the defendant. And this was all the evidence in the cause.

The plaintiffs' counsel prayed the court to instruct the jury, that, if they believed the evidence that had been adduced, it raised an implied promise, on the part of the defendant, to pay the plaintiffs their account; which prayer the court overruled; but instructed the jury, that if the goods were sold, under a contract with Gurley, and charged to him, as guardian of the defendant, the plaintiffs ought not to recover for the same, of the defendant: to all which the plaintiffs excepted, &c.; and now assigns the refusal to charge the jury as requested, and the charge as given, for error.

NOOE, for the plaintiff.
No counsel appeared for the defendant.

COLLIER, C. J.—The action of assumpsit is sustainable where there is an express parol contract; or where the circumstances of the transaction are such that the law will imply a contract. (1 Chitty's Pl. 88.) Thus, if one man receives money for the use of another, the law will imply a promise by the receiver, to pay the money to him for whose use it was received. But notwithstanding, this action, when founded upon a general implied liability, is greatly favored as a remedy, and has some-

E. B. & A. G. Westmoreland v. Davis.

times been likened to a bill in equity, it cannot be maintained unless the plaintiff shows a legal right. (2 Starkie's Ev. 109.) Nor will the defendant be presumed to have promised, unless he is under a legal obligation to pay. (2 Starkie's Ev. 101.)

Again: Where an agent purchases on behalf of a principal, whose name he conceals, the seller, on discovering the principal, may support an action against him; and if the seller, knowing that the buyer who deals in his own name, is the agent of another, elect to give credit to the agent, and debit him with the amount, he cannot afterwards recover from the principal: (Speering v. Degrave; 1 Vern. Rep. 643: Kymer v. Sumercropp, 1 Camp. Rep. 109: Paterson v. Gandasequi; 15 East; Rep. 62.)

In the case before us, Gurley was appointed by the judge of the county court, the guardian of the person and estate of the defendant in error, with full power to manage the estate and provide for the maintenance of him and family. The guardian, during the continuance of his authority, was agent of the court; liable to account to it; and subject to removal, when it should be shown to the court, that the person supposed to have been a lunatic, was restored to " sanity of mind." But until this latter event happened, and the supposed lunatic was remitted to the possession of his estate, his right to make a contract was entirely suspended, and vested in the guardian, so far as was necessary to enable him to perform the trust. It then follows, that a lunatic has not the power to contract; and that if he were to purchase property under an express promise to pay, no legal obligation would be incurred. If an express promise would not be binding, can one be implied from circumstances? We apprehend not. The law never presumes one to have promised, who has not the capacity to contract.

If the reasoning employed be well founded, it cannot be supposed that the defendant, at the time of the sale of goods by the plaintiffs, promised to pay for them; nor do the circumstances of the case, authorize a promise to be implied. The credit then, was given exclusively to Gurley, who the proof shows, was debited with the goods.

The next inquiry is, does the discharge of Gurley from his guardianship, and the restoration of the defendant's estate to him, impose upon the defendant a legal liability to the plaintiffs. The plaintiffs did not participate in this change of circumstances; nor does it appear, that they had any transaction with the defendant. There is then no privity between them, which would warrant the implication of a promise. The law is clear, that if the defendant was not in a situation to make him liable upon an *implied assumpsit* when the plaintiffs parted with their property, subsequent events cannot support such a promise.

That the defendant is under a moral obligation to pay the debts contracted by Gurley during his guardianship, for the support of himself and family, unless Gurley had retained a sufficient sum from the defendant's estate for his indemnification, we think clear. And this obligation would constitute a sufficient consideration to support an express promise; but in the absence of such a promise, the plaintiff's only remedy against the defendant is, by suit in equity, founded on the special circumstances of the case. Whether a resort to equity is allowable, so long as Gurley is able to pay, we do not pretend to intimate; but that the defendant would be directly liable to Gurley for all expenditures for the support of himself and family, we think undeniable.

The defendant not being liable to the plaintiffs under the facts disclosed in the bill of exceptions, there is no error in the charge of the Circuit Court, and the judgment is consequently affirmed.