# Turner v. Stephens.

*Bill in Equity to enjoin Prosecution of Action at Law.*

1. *Injunction; when it should be dissolved.*—An answer that is a full, unequivocal and positive denial of every fact upon which the equity of a bill for an injunction rests, entitles the defendant to a dissolution of the temporary injunction issued, unless it is apparent that irreparable mischief may follow the dissolution, or there are the in-

[Turner v. Stephens.]

tervention of some peculiar circumstances that would make it in-equitable to dissolve the injunction.

2. *Same; same; properly dissolved in case at bar.*—Where a bill is filed to enjoin the defendant from prosecuting a suit in ejectment until he reimbursed complainants for permanent improvements made by them on the land while in possession under a parol agreement by defendant to convey the land to them if they would improve it and make their home thereon, but there is no averment in the bill of the defendant's insolvency, or of any fact or circumstance which would indicate that any serious injury would result to complainant from the dissolution, the temporary injunction, issued upon the filing of the bill, is properly dissolved upon the defendant filing a verified answer denying all the material averments of the bill.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon JERE N. WILLIAMS.

The bill in this case was filed on April 10, 1894, by the appellees, A. S. Stephens and Ida Stephens, against the appellant, G. W. Turner, and sought to enjoin a suit in ejectment, brought by the respondent against the complainants.

The complainants averred in their bill, that they were daughter and son-in-law, respectively, of the respondent; that the respondent being seized of a large quantity of land, persuaded and induced the complainants to move upon and take possession of certain described land, un-der the following circumstances: "Said respondent, G. W. Turner, told the said complainants that he had more lands than he needed and that owing to the relationship existing between him and them, and that what he had would belong to his children any how, that if they would move upon said lands, improve it and make their home thereon, that he would give it to them and execute a conveyance of the same to them." It was then further averred that, trusting in the integrity and good faith on the part of the respondent, the complainants moved up-on said land, made certain improvements thereon, amounting to several hundred dollars, and occupied the same as their homestead; but that, unmindful of said promises and obligations, the respondent declined and refused to convey the property to the complainant, and on December 18, 1893, instituted a suit in ejectment for the recovery of said land, which was pending at the time of the filing of the bill.

The prayer of the bill was for an injunction, restrain-

ing the respondent from the further prosecution of said suit in ejectment against the complainants, "until he reimburses and pays complainants for the valuable and permanent improvments erected by them on said land." The respondent answered the bill, denying therein each of the averments of said bill, which were material to the relief prayed for; and motion was made to dissolve, upon the denials of the answer, the temporary injunction which had been previously issued. Upon the hearing of this motion, the chancellor overruled the motion, and decreed that the injunction should not be dissolved. From this decree the respondent appeals, and assigns the same as error.

H. L. MARTIN, for appellant, cited *Tolleson v. Blackstock*, 95 Ala. 510; 3 Brick. Dig. 352, §§ 303, 304.

P. N. HICKMAN, *contra*.

BRICKELL, C. J.—This is an appeal from a decree of the court of chancery refusing the dissolution of a temporary injunction, on the denials of a verified answer. The injunction was directed against the prosecution of an action at law for the recovery of the possession of a tract of land. The gravamen of the bill is, that the plaintiff in the action at law had made a parol gift of the land to the defendants, standing to him in the relation of daughter and son-in-law, inducing them to move upon the lands and make valuable improvements thereon, thereby creating an equitable estoppel against the assertion of the legal title to oust them. The answer is unequivocal, and is a full denial of every fact on which the equity of the bill rests. The general rule is, that such an answer entitles the defendant to a dissolution of the injunction. The rule is not without its exceptions, but it must be apparent irreparable mischief may follow, or some circumstance peculiar in its character must exist, to justify a departure from it.—*Satterfield v. John*, 53 Ala. 127; *Chambers v. Ala. Iron Co.*, 67 Ala. 353. We see no fact in the present case, which would authorize a continuance of the injunction, restraining the prosecution of the suit at law. Whether the bill has equity, or what may be the measure of relief to which the plaintiff may be entitled, or in what forum their rights to com-

[Parker v. Olliver.]

pensation for improvements may be enforced, if the allegations of the bill be proved, are questions not now presented and which have not been considered. The defendant is not averred to be insolvent, nor any fact or circumstance shown, which indicates that any serious injury will result to the plaintiffs from the dissolution of the injunction, which is not akin to the injury always resulting from a dissolution, when on a final hearing the injunction is reinstated and perpetuated, the denials of the answer being overcome by the evidence.

The decree must be reversed, a decree here rendered dissolving the injunction, and the cause is remanded.

Reversed, rendered and remanded.