(78 South. 958)

BOONE et al. v. BYRD et al. (1 Div. 22.)

(Supreme Court of Alabama. May 9, 1918.)

1. ESTOPPEL ⬤⇒101—TITLE TO LAND.

Representations or admissions made in answer to inquiries for information on which to base action, where the purpose of inquiry is known, may constitute an equitable estoppel in pais affecting the title to land.

2. ESTOPPEL ⬤⇒98(1) — PARTIES CLAIMING UNDER PERSONS ESTOPPED.

Persons claiming ownership of land under others who are estopped to claim ownership are also bound by the estoppel.

---

**3. INJUNCTION ⟨⟩26(6)—JURISDICTION—COMPLETENESS OF REMEDY AT LAW.**

Equity will interfere to enjoin a law action where the defendant in ejectment has an equitable defense unavailable therein, in addition to other defenses available both in law and equity.

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Bill by S. J. Byrd and others against Frank Boone and others. From the overruling of defendants' demurrer to the bill, the defendants appeal. Affirmed.

H. H. McClelland, of Mobile, and Barnett, Bugg & Lee, of Monroeville, for appellants. Hybart & Hare, of Monroeville, for appellees.

SAYRE, J. Appellees filed the bill in this cause to enjoin the further prosecution of a pending action of ejectment brought by appellants. Appellees hold the land in controversy under the same claim of right and title as did the predecessors of the appellee in the case of Boone v. Gulf, Florida & Alabama Railway Co., 78 South. 956.[1] As appears from the opinion in that case, this land was sold for taxes to J. F. McCorvey in 1869. Through mesne conveyances appellees hold under McCorvey. In the bill now under consideration it is averred that:

"D. D. King [to whom McCorvey sold and through whom appellees claim], before making his purchase from McCorvey, discussed the matter with respondents' [appellees'] predecessors in interest, and they assured him, the said King, that they had no intention of redeeming from the tax sale; that they had abandoned their claim, and assured him that he could purchase from McCorvey without fear of disturbance or adverse claim from the privies in title of said Hathcock and Hollinger [original entrymen under whom appellants claim]; that relying on said assurance, said King made said purchase in the year 1877, and he and his successors in title have since been in the open, notorious, undisturbed, continuous and undisputed possession of the said 640 acres, claiming to own them absolutely against the entire world."

In Boone v. Gulf, Florida & Alabama Railway Company, supra, we held that the title by adverse possession under which appellees here claim might be defended at law or in equity. In the case here appellees not only show a title by adverse possession, a defense available at law, but they rely as well upon an equitable estoppel operating, as they claim, to defeat the bare legal title upon which, it is shown, appellants rely for a recovery of the land.

[1, 2] The rule is different at law, but in equity an estoppel in pais, operating upon the title to land, may be made fully effectual. S. & N. A. R. Co. v. A. G. S. R. R. Co., 102 Ala. 236, 14 South. 747. "Representations, or admissions, * * * especially when made in answer to inquiries for information on which to base action, and when the purpose of the inquiry is made known, become conclusive, and operate as an estoppel on the party making them, in all cases between him and the person whose conduct he has influenced, if loss must ensue from a denial of their truth." Hendricks v. Kelly, 64 Ala. 388. The averments of the bill bring the case of appellees fairly within the principle stated above. Fields v. Killion, 129 Ala. 373, 29 South. 797, where a number of illustrative cases are cited. Appellants, claiming under a person who is estopped, are also bound by the estoppel. McCravey v. Remson, 19 Ala. 430, 54 Am. Dec. 194.

[3] We have then a case in which appellees have separate and distinct defenses against the action of ejectment which they seek to enjoin, one available in equity only, others available alike at law or in equity, and the question is whether in these circumstances equity will interfere with the action at law. In the circumstances stated a decree in equity in favor of appellees will forever conclude the question of title at issue between the parties, while, on the other hand, a judgment for appellants, plaintiffs, in the action at law, will leave the question of the equitable estoppel still open for determination in equity. It will not be doubted that a bill in equity to enjoin an action at law may, in general, be maintained to enable the complainant to avail himself of a defense which would not be available at law. But here, as we have said, there are separate and distinct legal and equitable defenses. The reasons which conduce to a decision in favor of the equity of appellees' bill have been very well stated by the Court of Appeals of Virginia in Warwick v. Norvell, 1 Rob. 308, as follows:

"No authority has been produced which establishes that a party having a defense at law to an action brought against him, and a distinct ground for equitable relief should his defense prove unavailing, must abandon his legal defense by confessing judgment, or await the decision of the action at law before he can be entertained in equity. Where there is a concurrent jurisdiction of the same matter, and the plaintiff may sue in either forum, there is good reason to compel him to elect between them. Redress can be obtained in either, and the plaintiff should not be permitted to harass his adversary by pursuing him in both tribunals. The defendant has no such election; he is brought into court against his consent, and I perceive no good reason why he should be prohibited from setting up his distinct ground for equitable relief, during the pendency of the action at law. * * * In such cases the defendant cannot safely confess a judgment at law. And if in the meantime he should be precluded from proceeding in chancery, his equitable right might be lost, from the lapse of time or the loss of testimony."

The text of 22 Cyc. p. 801, is that:

"Where complainant has a purely equitable defense as well as a perfect legal one, equity will usually take jurisdiction of the case, and incidentally enjoin the action at law."

The cases cited in support of the text (Henwood v. Jarvis, 27 N. J. Eq. 247, and Hodges, Ex parte, 24 Ark. 197) seem to proceed upon the theory that the remedy in such cases is more complete and perfect in equity than at

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 560.

law, and that is the theory of Mr. Pomeroy, who says (4 Eq. Jur. [3d Ed.] § 1362):

"Where the controversy, in addition to its legal aspect, involves some equitable estate, right, or interest which is exclusively cognizable by a court of equity, so that a complete determination of the issues cannot be made by a court of law, it is well settled that equity not only may, but must, interfere at the suit of the party in whom the equitable estate or right is vested, and restrain the action at law, and decide the whole controversy."

These authorities bring the case before us within the influence of the general rule, which is, that in order to exclude the remedy in equity, the remedy at law must be "as complete, as practical, and as efficient to the ends of justice and its prompt administration as the remedy in equity." Walla Walla v. Walla Walla Water Co., 172 U. S. 12, 19 Sup. Ct. 77, 43 L. Ed. 341; Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 35 South. 50.

Our opinion is, therefore, that the demurrer to appellees' bill was properly overruled, and that upon the showing made by the bill the further prosecution of the action of ejectment should be enjoined pending a determination of the cause in equity.

We do not understand cases cited by appellants to hold anything to the contrary. None of them involved the point here presented. Thus in Holt v. Pickett, 111 Ala. 362, 20 South. 432, from which appellants quote an expression to the effect that the bill of complaint in that case was devoid of equity because it showed that he had a perfect defense, available at law, there was no question of different and distinct defenses, available in different forums, but the question was of a single defense, available alike in either forum.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.