(98 South. 784)

**WATSON v. HAMILTON.   (7 Div. 407.)**

(Supreme Court of Alabama.   Nov. 29, 1923. Rehearing Denied Jan. 24, 1924.)

**1. Executors and administrators ⬳227(1)— Statement of claim for unauthorized appropriation of money held to prevent operation of nonclaim statute.**

Affidavit of claim presented administrator by filing in probate office and alleging that estate of decedent was indebted in a named sum, that it became due by reason of wrongful conversion of such sum, which belonged to affiant's decedent, that it was justly due and wholly unpaid, that by reason of decedent's fraud conversion did not become known to affiant until 1921, *held* sufficient to prevent operation of nonclaim statute (Code 1907, § 2590).

**2. Executors and administrators ⬳227(4)— That statement of claim exceeded amount sued for or actually due held immaterial.**

That statement of claim filed with probate court was in excess of the amount sued for, or the amount actually due, *held* not material.

**3. Executors and administrators ⬳227(4)— That statement of claim showed liability in tort and action thereon in assumpsit held immaterial.**

That statement of claim for conversion filed with probate court showed liability in tort and form of action thereon was in assumpsit *held* immaterial, if liability presented supports that form of action.

**4. Executors and administrators ⬳289—Right of husband as distributee not defense to administrator's action for property converted.**

Notwithstanding that husband, under Code 1907, § 3765, was the equitable owner of one-half the money which belonged to his wife's estate, his ownership was subject to superior claim of wife's administrator to recover it, and apply it, if needed, for payment of debts of wife, and hence his right thereto was no defense to administrator's action to recover property converted by lien, especially where it was not shown there was sufficient property in administrator's hands after paying debts to pay him as such distributee.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action in general assumpsit by Mentie C. Watson, as administratrix of the estate of E. E. Hamilton, deceased, against Cora A. Hamilton, as administratrix of the estate of N. O. Hamilton, deceased. In consequence of adverse rulings on pleading and evidence, plaintiff takes a nonsuit and appeals. Reversed and remanded.

Defendant's pleas 11, 12, 13, and 14 are as follows:

"(11) That at the time said action was commenced the estate of E. E. Hamilton, deceased, was indebted to the defendant's intestate in the sum of $1,060.25, for that, at the time of the death of plaintiff's intestate she had on deposit with the American Trust & Savings Bank of Birmingham, Ala., the sum of $2,120.49, which was a part of the separate estate of plaintiff's intestate; that at said time defendant's intestate was the living husband of plaintiff's intestate, and as such was entitled to one-half of the said sum of $2,120.49, which the defendant hereby pleads in mitigation of the plaintiff's claim against her.

"(12) That at the time said action was commenced the plaintiff was indebted to her in the sum of $1,060.25, with interest, for that, at the time of the death of plaintiff's intestate, defendant's intestate was the living husband of plaintiff's intestate; that the said sum of $2,120.49, sued for in plaintiff's complaint, was a part of the separate estate of plaintiff's intestate, if due by the defendant or her intestate to plaintiff or her intestate; that as the husband of plaintiff's intestate the defendant's intestate was entitled to one-half of said sum sued for at the time of plaintiff's intestate's death, under section 3765 of the Code of Alabama, if defendant is indebted to plaintiff, which the defendant hereby offers to set off against the demand of the plaintiff, and she claims judgment for the excess.

"(13) That at the time said action was commenced the plaintiff was indebted to her in the sum of $1,060.25, with interest, for that, at the time of the death of plaintiff's intestate, defendant's intestate was the living husband of plaintiff's intestate; that the said sum of $2,120.49, sued for in plaintiff's complaint, was a part of the separate estate of plaintiff's intestate, if due by the defendant or her intestate to plaintiff or her intestate; that as the husband of plaintiff's intestate the defendant's intestate was entitled to one-half of said sum sued for at the time of plaintiff's intestate's death, under section 3765 of the Code of Alabama, if defendant is indebted to plaintiff, which amount the defendant hereby offers to recoup against the demand of the plaintiff, and she claims judgment for the excess.

"(14) That at the time said action was commenced the plaintiff was indebted to her in the sum of $1,060.25, with interest, for that, at the time of the death of plaintiff's intestate, defendant's intestate was the living husband of plaintiff's intestate; that the said sum of $2,120.49, sued for in plaintiff's complaint, was a part of the separate estate of plaintiff's intestate, if due by the defendant or her intestate to plaintiff or her intestate; that as the husband of plaintiff's intestate the defendant's intestate was entitled to one-half of said sum sued for at the time of plaintiff's intestate's death, under section 3765 of the Code of Alabama, if

defendant is indebted to plaintiff, which the defendant hereby pleads in mitigation of the plaintiff's claim against her."

Plaintiff demurred to these pleas on these, among other, grounds:

"(7) It does not appear that there is sufficient property or assets in the hands of plaintiff as such administratrix, after paying the debts of her said intestate, to pay any distributions shown to defendant."

"(9) It does not appear that there has been any ascertainment of distributions shown in the estate of plaintiff's intestate."

J. S. McLendon and Rudulph & Smith, all of Birmingham, for appellant.

No strictness or formality of pleading is necessary in the presentation of claims against the estate of a decedent. All that the law requires is that the claim and affidavit show a substantial subsisting liability in favor of the claimant, and that the estate is looked to for payment, asserted in general terms. Jones's Ex'rs v. Lightfoot, 10 Ala. 17; Hallet v. Bank, 12 Ala. 193; Posey v. Bank, 12 Ala. 802; Flinn v. Shackelford, 42 Ala. 202; Boggs's Adm'rs v. Bank, 10 Ala. 970; Halfmans's Ex'x v. Ellison, 51 Ala. 543; Smith v. Fellows, 58 Ala. 467; Bibb v. Mitchell, 58 Ala. 657; Floyd v. Clayton, 67 Ala. 265; Agnew v. Walden, 84 Ala. 502, 4 South. 672; Id., 95 Ala. 108, 10 South. 224; Parker v. Eufaula Bank, 121 Ala. 517, 25 South. 1001; Borum v. Bell, 132 Ala. 85, 31 South. 454; Jones v. Peebles, 130 Ala. 269, 30 South. 564; Kornegay v. Mayer, 135 Ala. 141, 33 South. 36; Gillespie v. Campbell, 149 Ala. 193, 43 South. 28; Holloway v Calvin, 203 Ala. 663, 84 South. 737. When one wrongfully converts the property of another, the tort may be waived, and an action brought for the proceeds arising from such conversion. Young v. Garber, 149 Ala. 196, 42 South. 867; Christie v. Durden, 205 Ala. 571, 88 South. 667. On the death of the wife, intestate, having a separate estate secured by law, the husband is entitled to one-half of the personalty absolutely; but his interest is as distributee or heir, and not by curtesy, as in cases of real estate. Marshall v. Crow's Adm'r, 29 Ala. 278; Smilie v. Siler's Adm'r, 35 Ala. 94; Conoly v. Gayle, 54 Ala. 270; Brown v. Grimes, 60 Ala. 650; Thompson v. Thompson, 107 Ala. 166, 18 South. 247; Dake v. Sewell, 145 Ala. 581, 39 South. 820; Lake v. Russell, 180 Ala. 199, 60 South. 850; Nelson v. Goree's Adm'r, 34 Ala. 565.

Merrill & Allen, of Anniston, for appellee.

A statement of claim filed against the estate of a decedent should be so definite as to inform the personal representative of the nature, character, and amount of the liability it imports. Bibb v. Mitchell, 58 Ala. 657; Floyd v. Clayton, 67 Ala. 265. To recover in an action for the conversion of money, the action must be for specific money, capable of identification, definitely described, and "earmarked." Hunnicutt v. Higginbotham, 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45. Under Code, § 3765, the husband takes by curtesy. Fies et al. v. Rosser, 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; Lake v. Russell, 180 Ala. 199, 60 South. 850; 11 R. C. L. p. 104, § 162; 23 C. J. p. 1194, § 438; Randolph v. Vails, 180 Ala. 82, 60 South. 159.

SOMERVILLE, J. [1] The important question presented by the record is upon the sufficiency vel non of the presentation of the claim which is the foundation of the suit, to prevent the operation of the statute of nonclaim (Code, § 2590) in favor of the estate of the defendant's intestate.

The affidavit of claim, which was presented to the defendant administrator by filing in the probate office, stated that—

"The estate of N. O. Hamilton is justly indebted to the estate of E. E. Hamilton in the sum of $2,120.49; that the indebtedness became due to the estate of E. E. Hamilton, now deceased; the said amount became due the said estate by reason of the conversion of [by] said N. O. Hamilton, during his lifetime, of said sum of money, which said sum of money belonged to E. E. Hamilton, and was wrongfully converted by the said N. O. Hamilton on, to wit, July 17, 1909. Affiant further deposes and says that said amount is justly due the estate of E. E. Hamilton, and that it nor no part thereof has been paid. Affiant further deposes and says that, by reason of the fraud of the said N. O. Hamilton, and through no fault of affiant, the fact of the conversion of said sum of money did not become known to affiant until on, to wit, July 8, 1921."

The complaint herein, as amended, claims of the defendant "the sum of $2,085.76, for money received by N. O. Hamilton, defendant's intestate, on, to wit, July 17, 1921, to the use of plaintiff," with an allegation that plaintiff had filed a statement of the claim in the probate judge's office within the time allowed by law.

The bill of exceptions shows that the objection to the admission of the duly certified copy of the affidavit and claim of indebtedness was solely upon the ground of the insufficiency of the statement of the claim; that is, that it was too indefinite and incomplete to properly inform the administrator of the nature and validity of the claim.

In a very early case (Bigger v. Hutchings, 2 Stew. 445, 448) it was said:

"The original bond, note, or contract on which the debt accrued, or at least an abstract, or copy, should be presented as evidence of the claim, and if the claim arise on an open account, unliquidated demand, verbal contract, or legal liability, it should be reduced to writing, and be so presented."

In Posey v. Decatur Bank, 12 Ala. 802, it was said that—

"All that is necessary is to give him [the personal representative] notice of the existence of the debt, and that the holder looks to the estate for payment."

In Smith v. Fellows, 58 Ala. 467, 472, it was said by Stone, J.:

"The result of our rulings on this question is that to constitute a sufficient presentation *the nature and amount* of the claim must be brought to the attention of the personal representative by some one authorized in law or fact to make the presentation, and the representative must be notified, expressly or impliedly, that the estate is looked to for payment." (Italics supplied.)

In Bibb & Falkner, Ex'rs, v. Mitchell, Adm'r, 58 Ala. 657, 664, it was said, by Brickell, C. J.:

"A presentment which will avoid the bar of the statute must be more than enough merely to excite the inquiry of the personal representative, it must give such information of the existence of the claim that he may determine— assuming its validity—how far he can proceed safely in the administration of the estate as solvent, and, if a mere statement of the claim is relied on as a presentment, that statement should describe the claim with such accuracy that it *may be distinguished from all similar claims.*" (Italics supplied.)

In Floyd v. Clayton, 67 Ala. 265, 269, it was said:

"Technical accuracy, the certainty of description essential in pleading, may not be observed, but the statement must, of itself, inform the personal representative, on an inspection of it, of the nature, character, and amount of the liability it imports, and must distinguish it with reasonable certainty from all similar claims."

In Kornegay v. Mayer, 135 Ala. 141, 146, 33 South. 36, 38, it was said that the presentation must be such as "to give information of the character of the claim and of the amount of liability it imports."

[2, 3] Without extending the discussion further, we are constrained to the conclusion, in view of the simple nature of this claim—a mere legal liability, based upon the unauthorized appropriation of money—that the statement of this claim was sufficient to meet the requirements of the rule laid down by this court. The fact that the amount claimed by the statement filed is in excess of the amount sued for, or the amount actually due, is not of material importance, nor does it matter that the statement filed shows a liability in tort, while the form of the action is in general assumpsit, if the liability presented will support that form of action.

[4] We hold that the trial court erred in excluding the statement from the evidence. We think that the ninth ground of the demurrers to defendant's special pleas 11, 12, 13, and 14 should have been sustained.

Manifestly, defendant's intestate, as husband of plaintiff's intestate, was the equitable owner of one-half of the money alleged to have been converted by him, by virtue of the statute (Code, § 3765), subject, of course, to the superior claim of the administrator of the deceased wife to recover it and apply it, if needed, to the payment of the debts of her intestate.

The authorities cited by appellee to the contrary are applicable to cases in equity, where, upon a showing that the husband is entitled to receive his share of his deceased wife's estate—there being no prior claims against it—the administrator will not be allowed to recover such share, or any part of it, already in the husband's hands. 11 R. C. L. 153, § 162. This doctrine of equity has been recognized by this court in Kennedy v. Davis, 171 Ala. 609, 615, 55 South. 104, Ann. Cas. 1913B, 225, but we are not aware of its application to cases at law by this court. Hence the pleas setting up this claim in favor of the husband are not sufficient to defeat a recovery by plaintiff of the husband's share of the personalty already appropriated by him.

Even under the equitable rule, the pleas in question would be subject to the seventh ground of the demurrers, because they fail to show an unincumbered right in the husband to retain his statutory interest as against the clear prima facie right of the administrator.

So far as this question is concerned, it makes no difference whether the defendant is claiming as a preferred distributee under section 3765 of the Code or as an heir under the general statute of descents and distributions, since the relative rights of the parties are the same in either case.

For the errors noted, the judgment of non-suit will be reversed, and the cause will be remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.