(101 South. 609)

## WATSON v. HAMILTON.    (7 Div. 487.)

(Supreme Court of Alabama.    June 26, 1924. Rehearing Denied Oct. 16, 1924.)

1. **Executors and administrators** ⊂⊃289— Wife's administratrix held not entitled to recover from husband's administratrix full amount of certificates of deposit issued to wife.

That half of amount of certificates of deposit issued to wife by bank belonged to husband, subject to payment of her debts, that she owed no debts, or all were paid in full by husband after her death, and that money was in his hands before his death, is equitable defense to action by her administratrix against husband's administratrix for full amount of such-certificates, and ground for injunction against prosecution of such suit.

2. **Equity** ⊂⊃39(2)—Will determine entire controversy on proper application if equitable defense would defeat part of cause of action at law.

When equitable defense would defeat entire cause of action at law, court of equity must take control and settle controversy (Gen. Acts 1915, p. 830), and, if it would defeat only part of cause, will settle both legal and equitable defenses, and thus determine entire controversy on proper application.

3. **Injunction** ⊂⊃172—Answer fully denying every material fact on which equity of bill rests generally entitles defendant to dissolution of injunction.

Answer fully denying every material fact, on which equity of bill rests, generally entitles defendant to dissolution of injunction, unless it is apparent that irreparable mischief may follow, or some peculiar circumstance exists to justify departure from rule.

4. **Executors and administrators** ⊂⊃289—Costs of administration not debt of decedent, and do not show necessity for recovery of money from distributee equitably entitled to it.

Costs incurred by administratrix in prosecuting suit for money had and received is not debt of decedent, but liability of estate, and

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

show no necessity for recovery of money by administratrix from distributee to whom it equitably belongs.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Bill in equity by Cora A. Hamilton, as administratrix of the estate of N. O. Hamilton, deceased, against Mentie C. Watson, as administratrix of the estate of E. E. Hamilton, deceased, to enjoin the prosecution of a suit at law From a decree overruling a motion to dissolve the temporary injunction, respondent appeals. Affirmed

See, also, 210 Ala. 577, 98 So. 784.

J. S. McLendon and Rudulph & Smith, all of Birmingham, for appellant.

A bill to enjoin an action at law is without equity, if it shows that complainant had a complete and adequate remedy at law. Attalla Co. v. Winchester, 102 Ala. 184, 14 So. 565; Duckworth v. Duckworth's Adm'r, 35 Ala. 70; Wilson v. Randall, 37 Ala. 74, 76 Am. Dec. 347; Womack v. Powers, 50 Ala. 5; Roebling Co. v. Stevens, 93 Ala. 39, 9 So. 369; Holt v. Pickett, 111 Ala. 362, 20 So. 432; Cox v. O'Neal, 142 Ala. 314, 37 So. 674. The action for money had and received is equitable and subject to equitable defenses. 2 Mayfield's Dig. 250.

Merrill & Allen, of Anniston, for appellee.

The bill contains equity, and the motion to dissolve the injunction was properly overruled. Watson v. Hamilton, 210 Ala. 577, 98 So. 784; Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225. Equity will enjoin an action at law, where defendant has an equitable defense not available therein, in addition to other defenses available in both law and equity. Boone v. Byrd, 201 Ala. 562, 78 So. 958; Kennedy v. Davis, supra. Appellant's answer is not sufficient to require dissolution. Planters' & Merchants' Bank v. Laucheimer, 102 Ala. 457, 14 So. 776; Turner v. Stephens, 106 Ala. 546, 17 So. 706.

MILLER, J. This is a bill in equity filed by Cora A. Hamilton, as administratrix of the estate of N. O. Hamilton, deceased, against Mentie C. Watson, as administratrix of the estate of E. E. Hamilton, deceased. It seeks to enjoin the prosecution of a suit at law for money had and received, commenced by the defendant against the complainant. The bill was presented to the judge of the circuit court for temporary injunction writ; it was denied by him, and on presentation to an associate justice of this court, writ for temporary injunction was directed to issue upon proper bond being given. The bond was given, and the writ issued. The defendant filed an answer to the bill of complaint, and then moved to dissolve the injunction for want of equity in the bill, and on the coming in of the answer. The court on the hearing refused by decree this motion, and from it the defendant appeals, which decree is the error assigned.

Complainant's intestate, N O. Hamilton, was the husband of the defendant's intestate, E. E. Hamilton. He died intestate on June 26, 1920, and she died intestate on July 2, 1909. She died seized and possessed of two certificates issued to her by the American Trust & Savings Bank of Birmingham, Ala., aggregating $2,119.49. After her death her husband, N. O. Hamilton, presented the certificates to this bank, and collected the $2,-119.49, on or about July 17, 1909. E. E. Hamilton, the wife, died seized and possessed of these certificates of deposit, some household furniture and wearing apparel, and her husband, N. O. Hamilton, and Mentie C. Watson, her sister, were all and her only heirs.

The suit sought to be enjoined was for money had and received, to recover the full amount of these certificates of deposit with interest, commenced by the administratrix of the estate of the wife against the administratrix of the estate of the husband. Is there equity in the bill? Does it show an equitable defense to the action at law, in whole or in part, which is not available in that action? If so, would the defendant in the suit at law be entitled to injunctive relief in equity from the prosecution of the suit? These are some of the questions presented by the bill of complaint and answer under the ruling on the motion to dissolve the injunction.

The bill alleges N. O. Hamilton was the husband of E. E. Hamilton, that she died before him, and he was entitled to one-half of the money evidenced by the certificates of deposit, and for which the suit was brought, subject to the superior claim of the administratrix of her estate to recover and apply it, if needed, to the payment of the debts of his wife, and the bill alleges that there are no debts owing by her, and "whatever debts she may have owed were paid in full after her death by complainant's intestate, her husband, and the sole purpose of the administration of the estate of respondent's intestate was for the purpose of qualifying the respondent to file and prosecute the suit against complainant as hereinabove alleged; wherefore complainant alleges that there is no reason for the recovery by the respondent of the one-half of said sum of money belonging to complainant's intestate, and that such ownership of said one-half of said money constitutes a valid equitable set-off against said claim of the respondent.

The suit between these parties in the law court was before this court on the pleading therein (Watson v. Hamilton, 210 Ala.

577, 98 South. 786), and this court in discussing pleas setting up the foregoing defense in that cause wrote:

"Manifestly, defendant's intestate, as husband of plaintiff's intestate, was the equitable owner of one-half of the money alleged to have been converted by him, by virtue of the statute (Code, § 3765), subject, of course, to the superior claim of the administrator of the deceased wife to recover it and apply it, if needed, to the payment of the debts of her intestate.

"The authorities cited by appellee to the contrary are applicable to cases in equity, where, upon a showing that the husband is entitled to receive his share of his deceased wife's estate —there being no prior claims against it—the administrator will not be allowed to recover such share, or any part of it, already in the husband's hands. 11 R. C. L. 153, § 162. This doctrine of equity has been recognized by this court in Kennedy v. Davis, 171 Ala. 609, 615, 55 South. 104, Ann. Cas. 1913B, 225, but we are not aware of its application to cases at law by this court. Hence the pleas setting up this claim in favor of the husband are not sufficient to defeat a recovery by plaintiff of the husband's share of the personalty already appropriated by him."

[1] This court there decided if one-half of this money belonged to the husband, and it was already in his hands, and there were no prior claims, debts of the wife, against it, no necessity for it to pay the debts of the wife, that a court of equity would not permit the administratrix of her estate to recover this one-half of it or any part of it from the administratrix of the estate of the husband. The averments of the bill meet these requirements. It avers complainant's intestate was her husband; when she died one-half of this money belonged to him, subject to the payment of her debts; that she owed no debts, if she did they were all paid in full, after her death by her husband, and this money was in the hands of her husband before his death. This is an equitable defense, permissible in a court of equity. Watson v. Hamilton, 210 Ala. 577, 98 South. 785; 11 R. C. L. 154. Section 162, notes 4, 5, and 6, contains this text applicable to the averments of this bill of complaint:

"Although all of the personal property vests in the executor or administrator and he has the right to its possession, there is a well-established exception to this rule to the effect that when the property is not needed for the payment of the debts, and has been appropriated where it rightfully belongs, the naked legal title of the representative of a deceased person is not sufficient in equity against one who has the equitable title, accompanied by the rightful possession. Hence an administrator is not entitled to the possession of property of which the decedent whose estate he represents died possessed, as against a defendant who shows that he is the equitable owner thereof, in the absence of proof that there are creditors of the estate whose equitable claims to the property take precedence over that of the defendant."

See Vanderveer v. Alston, 16 Ala. 494; Kelly v. Kelly, 9 Ala. 909, 44 Am. Dec. 469; Westmoreland v. Davis, 1 Ala. 299.

[2] The bill of complaint shows the complainant has set up as a defense the statute of limitations which extends to the entire cause. This defense that complainant's intestate owned an equitable interest in one-half of the amount claimed applies as a defense only to a part of the cause. When the equitable defense would defeat the entire cause of action at law, a court of equity must take control and settle the controversy. Act in Gen. Acts 1915, p. 830, and authorities supra. If the equitable defense would defeat only a part of the cause of action at law, a court of equity on proper application will take control of the cause of action and settle the legal and equitable defenses, and thus determine the entire controversy between the parties. Boone v. Byrd, 201 Ala. 562, 78 South. 958; Watson v. Hamilton, 210 Ala. 577, 98 South. 784; Kennedy v. Davis, 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225.

This court in Boone v. Byrd, 201 Ala. 562, 78 South. 958, has thus stated the law applicable to this cause:

"The text of 22 Cyc. p. 801, is that:

"'Where complainant has a purely equitable defense, as well as a perfect legal one, equity will usually take jurisdiction of the case, and incidentally enjoin the action at law.' The cases cited in support of the text (Henwood v. Jarvis, 27 N. J. Eq. 247, and Hodges, Ex parte, 24 Ark. 197) seem to proceed upon the theory that the remedy in such cases is more complete and perfect in equity than at law, and that is the theory of Mr. Pomeroy, who says (4 Eq. Jur. [3d Ed.] § 1362): 'Where the controversy, in addition to its legal aspect, involves some equitable estate, right, or interest which is exclusively cognizable by a court of equity, so that a complete determination of the issues cannot be made by a court of law, it is well settled that equity not only may, but must, interfere at the suit of the party in whom the equitable estate or right is vested, and restrain the action at law, and decide the whole controversy.' These authorities bring the case before us within the influence of the general rule, which is that, in order to exclude the remedy in equity, the remedy at law must be 'as complete, as practical, and as efficient to the ends of justice and its prompt administration as the remedy in equity.' Walla Walla v. Walla Walla Water Co., 172 U. S. 12, 19 Sup. Ct. 77, 43 L. Ed. 341; Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 35 South. 50."

So under the foregoing authorities we hold there is equity in the bill of complaint, and the court did not err in refusing to grant the motion to dissolve the injunction on the ground there is no equity in the bill.

Did the court err in overruling the motion of the defendant to dissolve the injunction on the answer to the bill, verified by affidavit, filed by her in her representative capacity? The defendant admits in her answer

that her intestate was the wife of complainant's intestate; that she, personally, Mentie C. Watson, and N. O. Hamilton were all and the only heirs of E. E. Hamilton; after the death of E. E. Hamilton that she, individually, and N. O. Hamilton divided all the property, including the household effects and wearing apparel of E. E. Hamilton, deceased, except the amount of these certificates. She avers that N. O. Hamilton fraudulently represented to her that this was all the property owned by E. E. Hamilton at her death, and that he concealed from her the fact that E. E. Hamilton owned these two certificates of deposit also. She admits in her answer that her suit at law is for money had and received, to recover the full amount with interest of the two certificates of deposit mentioned. She avers these certificates were payable to E. E. Hamilton, and after her death N. O. Hamilton indorsed (forged) her name on the back of each certificate and collected the full amount of each from the bank. She further avers she had no notice or knowledge thereof until after the death of N. O. Hamilton, and immediately thereafter, within the time provided by law, a statement of the claim was filed in the probate office, where the estate was pending, and the said action was commenced by her as such administratrix in the court of law against the administratrix of his estate, within twelve months after the discovery of said fraud to recover the amount of said certificates of deposit with interest.

[3] The general rule is that, when an answer denies fully every material fact on which the equity of the bill rests, it entitles the defendant to a dissolution of the injunction. "The rule is not without its exceptions, but it must be apparent irreparable mischief may follow, or some circumstance peculiar in its character must exist, to justify a departure from it." Turner v. Stephens, 106 Ala. 546, 17 South. 706; Satterfield v. John, 53 Ala. 127; Planters' Bank v. Laucheimer, 102 Ala. 454, 14 South. 776.

The answer admits all of the property of E. E. Hamilton, deceased, was divided after her death between the heirs, her husband, N. O. Hamilton, and Mentie C. Watson, except the amount of these two certificates of deposit. The facts in the answer admit that N. O. Hamilton as husband of E. E. Hamilton is entitled in equity to one-half of the amount of these certificates of deposit, subject to the costs incident to the administration of the estate of E. E. Hamilton, deceased.

The bill alleges:

"There are no debts owing by respondent's intestate, and that whatever debts she may have owed were paid in full by complainant's intestate, and that the sole purpose of the administration of the estate of respondent's intestate was for the purpose of qualifying the respondent to file and prosecute the suit against complainant as hereinabove alleged; wherefore complainant alleges that there is no reason for the recovery by the respondent of one-half of said sum of money belonging to complainant's intestate, and that such ownership of said one-half of said money constitutes a valid equitable set-off against said claim of the respondent."

These averments in the bill are not unequivocally denied by the respondent in her answer.

The defendant in answering this part of the bill of complaint admits:

"That the said N. O. Hamilton, as such surviving husband, was entitled to an undivided one-half interest in the estate of said E. E. Hamilton, upon the ascertainment and distribution of the estate of this respondent's said intestate. However, this respondent says that the interest of complainant as such administratrix of the estate of N. O. Hamilton, as well as that of the said Mentie C. Watson in her individual capacity, is subject to the prior charge of all legal costs and expenses of the administration by this respondent of said estate of E. E. Hamilton, including such fees as are payable to the judge of probate and sheriff, for services rendered in such administration proceedings, and also the commissions due and payable to this respondent as administratrix on her receipts and disbursements, and also such reasonable attorney's fee as she may incur in the collection of said amount from complainant, for which said suit was instituted, and this respondent says that it is not true that the complainant is the equitable owner of one-half of said amount so converted by said N. O. Hamilton."

[4] The defendant does not aver in her answer that there are debts of her intestate and the collection of this one-half of this amount which equitably belongs to complainant's intestate is needed in whole or in part to be applied to the payment of those debts. It appears from the answer and bill that there are no unpaid debts of E. E. Hamilton, deceased. The costs incident to the administration, incurred by the defendant for the purpose of prosecuting this suit, are the only liabilities apparent from the answer against the estate of E. E. Hamilton, deceased. If this one-half was recovered by the defendant from complainant, it would be returned to his estate less its pro rata part of the cost of the administration. No part of it would be used in paying the debts of the decedent, E. E. Hamilton. The cost of the administration of the estate is not a debt of the decedent. It is a liability of the estate, caused from an administration thereof. The owners of the different costs of the administration are not, properly speaking, creditors of the decedent. Their claims arose after her death and upon the administration of the estate. Their claims for costs show no necessity for an administration of the estate. Their claims for costs show no necessity for the administratrix to recover from a distributee money which belongs equitably to her, as they are

not creditors of decedent to whom debts are due, for which the personal property of decedent is necessary to be collected by the administratrix to pay. Authorities supra.

The answer of the defendant does not fully deny every fact on which the equity of the bill is based, and the trial court properly overruled the motion of the defendant to dissolve the injunction on this answer filed by her in the cause. Turner v. Stephens, 106 Ala. 546, 17 South. 706, and authorities supra.

The decree is free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

MILLER, J. The application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

SAYRE, J. (concurring specially). I think a reading of the cases now cited in support of the decision in Watson v. Hamilton, 210 Ala. 577, 98 South. 785, to wit, Vanderveer v. Alston, 16 Ala. 494; Kelly v. Kelly, 9 Ala. 909, 44 Am. Dec. 469, and Westmoreland v. Davis, 1 Ala. 299, should suffice to show that they are not authority on the question there presented, which was whether one in possession of money which in good conscience belongs to him under the statute of distributions, all the debts of the estate having been paid, must yield it up to the suit of the administrator, and then, if he would have what belongs to him, file a bill in equity to get it back. Two of the cases referred to, the two first named, had nothing to do with money, but slaves. In such case technical difficulty would stand in the way of a recovery at law, as the court conceded in Batson v. Alexander City Bank, 179 Ala. 499, 60 South. 313, the difficulty being that the recovery of personal chattels in specie must be determined according to the legal title; but the court very clearly stated the considerations on which it was held that such rule could not be held applicable to money, which has no earmarks, and allowed the plaintiff to recover a moneyed demand on an equitable right or title. As for the right and justice of the thing, we may quote the language employed, arguendo, by Judge Chilton in Vanderveer v. Alston, supra: "In case of a sole distributee"—and the defendant in Watson v. Hamilton, 210 Ala. 577, 98 South. 785, was in as favorable a position as a sole distributee (Fretwell v. McLemore, 52 Ala. 133)—"the claims of creditors aside. I see no principle of public policy requiring the party to push the property through the diminishing process of administration. * * * If he hold it thus free from all demands he should not be required to deliver it to an administrator, that it might be delivered back to him less the expenses. This would be not only unjust, but a useless ceremony." And I can see no reason why proof of the simple facts necessary to sustain the defense proposed in Watson v. Hamilton, supra, viz., that defendant was the owner as distributee, and that there were no debts, might not be made as well in a court of law as in a court of equity. Where there are no debts, the equity of the distributee is perfect; the legal title in the administrator is a naked trust. Fretwell v. McLemore, supra. Trustees may be compelled in equity to execute their trusts. "But where the execution of the trust creates a mere moneyed demand upon the trustee for a sum certain, or which may be reduced to a certainty by a reference to something else, there is no principle of law which would render necessary a resort to equity." Hitchcock v. Lukens, 8 Port. 339. And, of course, these principles operate in favor of a defendant who holds money to which he is entitled ex æquo et bono, as well as in favor of a plaintiff. More reason there is why they should.

As for Westmoreland v. Davis, supra, the opinion in Batson v. Alexander City Bank, supra, sufficiently shows its lack of authority in the case presented in Watson v. Hamilton, 210 Ala. 577, 98 South. 785. In addition thereto we may quote from Allen v. Mendelsohn, 207 Ala. 527, 93 South. 416, 31 A. L. R. 1063:

"No agreement is necessary; assumpsit will lie wherever the circumstances are such that the law, ex debito justitiæ, will imply a promise. Nor is any privity in fact between the parties necessary. Where one man has money which ex æquo et bono belongs to another, if there be no contract modifying the general liability, the person entitled to the money may recover it in an action for money had and received, and this although he knows nothing of the party who has the right; the law itself creates the privity and the promise. Hitchcock v. Lukens, 8 Port. 333. This is the settled law of this state. Farmers' Bank v. Shut, 192 Ala. 53, 68 South. 363."

While, therefore, I would not deny the equity of this bill, my judgment is that the same facts should have been allowed in the action at law, and that the decision in Watson v. Hamilton, 210 Ala. 577, 98 South. 785, wherein it holds the contrary, should not be followed.