## MICHIE et al. v. BRADSHAW et al.

### 8 Div. 485.

Supreme Court of Alabama.

Oct. 5, 1933.

304

Tennis Tidwell, of Decatur, for appellees.

Eyster & Eyster, of Decatur, for appellants.

BOULDIN, Justice (after stating the case as above).

This cause involves important questions arising out of a conveyance of real estate, wherein vendor and vendee contemplate the subdivision and resale of the property to third persons, the proceeds of resale becoming a resource for payment of the purchase money due the original vendor, and stipulating the terms and conditions on which such subpurchasers shall have their parcels released from the purchase-money mortgage.

In Michie v. Nebrig, 223 Ala. 175, 134 So. 665, a suit in ejectment against another subpurchaser from the vendees under the same contractual arrangements here involved, it was held that subpurchasers took with notice of the stipulations of the executory contract between vendors and vendees fixing the terms upon which subpurchasers should have a release of the property from the original purchase-money mortgage. The principle of that case, notice to a vendee of all matters appearing in the chain of title of his vendor, whether recorded or not, is recognized, and not questioned on the present appeal.

We are here concerned with the rights and equities of the parties arising out of such stipulations and the course of events thereafter.

A first inquiry is, What stipulations govern the rights of these complainants under the averments of the bill?

Three contracts between the vendors and vendees, each in somewhat different terms touching the equities of subvendees, are set forth in the bill. One is embodied in the executory contract of July 17, 1920, set out in paragraph 7; another, the executory contract of August 2, 1920, set out in paragraph 8, and another in the mortgage given January 1, 1921, as set forth in paragraph 10. All these purport to deal with subpurchasers from the vendees during the period covering complainants' purchase, July 20, 1920.

When vendor and vendee have entered into a contract stipulating the terms and conditions upon which a subvendee may obtain a release of his lands, the equity of such subpurchaser is governed by the stipulations in force at the time of his purchase.

Vendor and vendee having extended an open offer to purchase on defined terms, when such purchaser becomes bound by contract, all parties are bound.

The stipulations for release become part of the contract.

In the absence of consent of the purchaser, the original vendor and vendee cannot thereafter modify their contract so as to impose a greater burden on the subpurchaser. Although the executory contract stipulates that a mortgage is to be executed by the original vendees to their vendors, this does not empower them to insert terms in the mortgage at variance with his contract to his detriment. 41 C. J. page 714.

Under this rule, complainants, in the first instance, would take under the terms of the contract of July 17th.

However, the contract of August 2, 1920, purports to be for the benefit of all parties, including purchasers prior to that date.

This brings into play the other well-known rule that a contract made for the benefit of a third person may, at his election, be accepted and enforced by him. If he claims the benefits, he also assumes the burdens.

Under paragraph 14 of the bill complainants claim under the contract of August 2d. If, as there averred, the vendees paid over to the vendors all the sums paid by decedent to the vendees, or a portion thereof equal to $50 per acre, with interest, complainants' lands are due to be released, and equity will enforce such release. Nothing in the contract of August 2d requires that the subpurchaser shall bring home to the vendor-mortgagee knowledge of the source of the fund when it was paid over. The parties were dealing with transactions already made, wherein notes had been given to the vendees, and such notes were then in their possession. Other averments in the bill are to the effect that the cash payment of 10 per cent. was paid over to the vendors on the purchase-money mortgage. When such moneys come to the hands of the vendors, the right to a release was complete.

The bill, in the aspect just considered, contains equity, and is not subject to the demurrer.

Neither is the bill as a whole, or any aspect thereof, wanting in equity because the matters averred in one aspect would be available in defense of the ejectment suit.

In construing our removal statute (Code 1923, § 6490), we have declared the rule that where the defendant desires to interpose more than one defense, some available at law and others only in equity, he is entitled to a transfer of the cause to the equity docket where all such defenses may be adjudicated, and full relief granted. Boone v. Byrd, 201 Ala. 562, 78 So. 958; Watson v. Hamilton, 211 Ala. 688, 101 So. 609.

What we have said touching consent and acceptance of stipulations made between vendor and vendee after decedent's purchase modifying the terms of release, applies to the stipulations written into the mortgage to vendors executed January 1, 1921.

Paragraph 16 of the bill, construed most strongly against the pleader, implies such assent, and avers actual participation by the vendors in the transaction between the vendees and decedent at the time the latter received his deed and executed his mortgage and notes payable to the vendees; alleges the vendors authorized the payment of the installment then due to the vendees; and authorized the decedent to pay the notes to the vendees at maturity.

The vendors could certainly authorize the vendees, to whom these notes were payable, and in which both vendors and vendees had an interest, to make collection and surrender the notes and mortgages to decedent. Caton v. Andalusia Nat. Bank, 216 Ala. 415, 114 So. 75, Thompson v. Ware, 200 Ala. 624, 76 So. 982.

We do not approve any construction of the contract to the effect that the vendees had authority to collect these notes because they were made payable to them, and, after such payment, the subvendee was still not entitled to a release, unless and until the money reached the vendors. The contract contemplated an assignment of these notes to the vendors, so that the makers could make payment to them and take up their canceled notes. The contract for assignment was between vendors and vendees. Subvendees could not control their course of business in this regard.

If these notes, whether actually assigned or not, were by consent of the vendors left with the vendees to be collected by them at maturity, payment to the vendees was authorized.

Payment of a debt to one authorized to receive payment, in equity, releases the security for such debt.

Paragraph 16 of the bill presents another aspect, which, if proven, entitles complainants to relief.

We are further of opinion that paragraphs 12 and 13, in connection with other averments of the bill, disclose such a holding out of authority in the vendees to receive collection as to constitute a waiver or estoppel against the vendors.

The makers of such notes were charged with notice that the vendors were the equitable assignees of the notes, and the mere fact that they were found still in the hands of the vendees, named as payees, would not authorize payment to them.

But if, as averred, the vendors knew of the purchases, knew of these notes, knew the vendees were collecting and surrendering the notes, and making remittance of the proceeds to the vendors from time to time, as a regular course of business, and permitted this to continue until full payment was made to the vendees, the makers of the notes were, in equity, warranted in believing the vendors were consenting to such course of business, unless otherwise advised. Gable v. Kinney, 219 Ala. 150, 121 So. 511; Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 So. 517; Fields v. Killion, 129 Ala. 373, 29 So. 797; Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95.

Demurrers assigned to the bill as a whole are properly overruled, where one or more aspects of the bill present good ground for relief. Abrams v. Abrams, 225 Ala. 622, 144 So. 828; Cortner v. Anderson, Clayton & Co., 225 Ala. 575, 144 So. 443; Schwab v. Carter, 226 Ala. 173, 145 So. 450; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417.

Demurrer specially assigned to a "paragraph" of a bill is inapt, unless such paragraph sets forth some aspect of the bill on which relief is prayed.

Thus, demurrers assigned severally to paragraphs 8, 9, 10, 11, and 13 of the present bill, which merely set forth various features of the transaction upon which, in connection with other averments, relief is sought, are inapt, and were properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.