181 So. 239

### CARPENTER et al. v. FIRST NAT. BANK OF BIRMINGHAM.

6 Div. 143.

Supreme Court of Alabama.

Feb. 17, 1938.

Rehearing Denied May 26, 1938.

M. B. Grace, of Birmingham, for appellants.

Coleman, Spain, Stewart & Davies and J. W. Gillon, all of Birmingham, for appellee.

BOULDIN, Justice.

A power of sale in a mortgage of real estate is a part of the security, and passes to any one who by assignment or otherwise becomes entitled to the money secured. Code 1923, § 9010.

But an agent of such holder to whom the mortgage is delivered merely for the purpose of foreclosure, having no ownership of the debt, is not authorized to foreclose in his own name, and execute a deed in his name to the purchaser. Ownership of the debt does not pass to such agent merely because the note is indorsed in blank. Such foreclosure is ineffective, and a court of equity may take jurisdiction for the purpose of foreclosure. Ritter v. Moseley, 226 Ala. 648, 148 So. 143; McHan v. Ordway, 82 Ala. 463, 2 So. 276.

A mortgage upon a house and lot owned by the husband and occupied as a homestead, not validated by the proper signature and separate acknowledgment of the wife, is void as to the homestead. But if it exceeds in value the homestead right of $2,000, such mortgage passes the equity in the excess value as security for the mortgage debt.

If such mortgage is duly executed by the husband, acknowledged or witnessed

as required by law to pass title to real estate, the legal title passes under such mortgage, and it is for the mortgagor to assert his claim to the homestead, and take steps to withdraw it from the mortgage, segregate it from the excess subject to the mortgage debt. DeGraffenried v. Clark, 75 Ala. 425; Goodloe v. Dean, 81 Ala. 479, 8 So. 197.

This may be done in defense of a foreclosure suit in equity. In such foreclosure suit, the bill may allege that the mortgage was duly executed and acknowledged by the wife as it purports to be, and in the alternative, that if not in fact acknowledged by the wife, the property has an excess value subject to foreclosure, and, by appropriate prayer, have the relief to which the mortgagee may be entitled under pleadings and proof.

If the mortgage was never acknowledged in fact by the husband, nor witnessed, the instrument is enforceable as an equitable mortgage upon the excess value. Cross v. Bank of Ensley, 203 Ala. 561, 84 So. 267; Markham v. Wallace, 147 Ala. 243, 41 So. 304.

This furnishes independent ground for equitable relief, matter not cognizable in a court of law.

The bill filed by appellee against appellants presented all the above grounds of equity jurisdiction. It clearly contained equity.

Appellee first brought suit in ejectment; defendants demanded a trial by jury.

Thereupon, plaintiff filed a motion to transfer the cause to the equity side of the docket, alleging matters of equitable cognizance had arisen in the case in substance the same as presented in the bill. No demurrer was interposed to the motion, but a motion to retransfer was made after the filing of the bill. The ground of the motion was that a transfer of the cause to the court of equity denied the right of trial by jury guaranteed by the Constitution. The trial court overruled this motion.

On the hearing upon conflicting evidence the court found and decreed that both husband and wife executed the mortgage, in due form to pass the homestead; that the wife did go before the officer certifying the acknowledgment, etc.

Whether appellants were deprived of the right of trial by jury upon the issue is the chief point stressed on appeal.

The statute provides for a test of the motion to transfer by demurrer, and, in the absence of same, the motion will be liberally construed; all amendable defects being treated as amended. Jefferson Lumber Co. v. Powers, 223 Ala. 63, 134 So. 464.

The retransfer of a cause to court in which it was first brought is provided for in Code, § 6492, which defines the cases in which this should be done; viz., when the party moving the transfer fails to establish the right or defense asserted, and the cause cannot be disposed of on the side of the court to which it was transferred. That such a condition did not arise here would probably suffice as ground for denying the motion to retransfer.

But going to the question of the right of trial by jury, as a constitutional right, it has never extended to cases of original jurisdiction in equity. The foreclosure of mortgages is an original ground of equitable jurisdiction. In such proceeding the court of equity may determine all matters essential to the granting of relief as between the parties to the mortgage. The issue here goes directly to the question of the existence of a valid mortgage, and, in other aspects, a limited mortgage. In equity a mortgage is a lien, security for debt. The legal title is dealt with incidentally in granting full and complete relief. This jurisdiction cannot be defeated because issues arise which might be tried before a jury at law. Wiltsie on Mtg. Foreclosures, 4th Ed. § 552; 35 C.J. p. 166, § 36; 42 C.J. p. 138, § 1727.

The jurisdiction of a court of equity to enjoin actions at law is often recognized where the law court could adjudicate some questions but could not afford the adequate and full relief which is the basic ground of equitable interference. Like principles apply in the construction of the statute for the transfer of causes. Michie v. Bradshaw, 227 Ala. 302, 308, 149 So. 809; Boone v. Byrd, 201 Ala. 562, 78 So. 958; Watson v. Hamilton, 211 Ala. 688, 101 So. 609; Gulf Red Cedar Co. v. Crenshaw, 148 Ala. 343, 350, 351, 42 So. 564.

It appearing that issues had arisen and were to be litigated not cognizable in the court of law, the plaintiff had the same right of transfer under section 6489 as would a defendant under section 6490 of the Code.

The mortgage was originally executed to Bankers Mortgage Bond Company, then assigned to American Trust & Savings Bank, as trustee, etc. Admittedly, the full title of the mortgagee passed to American Trust & Savings Bank, trustee, a state banking corporation.

Admittedly thereafter this corporation was consolidated with Traders National Bank of Birmingham; the new consolidated bank being the American Traders National Bank of Birmingham, Ala. By this merger the full title to choses in action, also of real and personal property of the state bank, passed to the Consolidated Bank. Code, § 7041.

The record shows consolidation of American Traders National Bank of Birmingham with the First National Bank of Birmingham, the appellee, and the transfer of title to all properties of the former bank.

Thus it appears the complainant had title to this mortgage. Appellants need have no fears of being protected in case they pay off the mortgage debt as decreed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.